LUCIUS J. CAPPS v. THE COUNTY OF ADAMS.

[FILED SEPTEMBER 17, 1889.]

Implied Contract: COUNTIES: ATTORNEY: COMPENSATION.   Under the act of 1879, C. was employed by the county board of A. county as its attorney " to prosecute and defend all actions in which the county was a party or might be interested, and to advise such board upon any matter pending before them," for and during the year 1885 ; and for such services agreed to pay, and did pay him, the sum of $400, besides certain extra allowances, for necessary expenses when away from the county.

At the first meeting of the board, in 1886, by public vote, C. was designated for employment for like services during that

year without either resolution or agreement as to the rate of his compensation. Afterwards C. stated, in the presence of the chairman and the members of the board, "that he would not do all this work for four hundred dollars," but he did perform the services contemplated, during said year, and did receive the sum of $400 therefor.

In an action by C. against A. county for additional compensation for his services, upon *quantum meruit, held,* that the rate of compensation having been fixed and acted upon for the year 1885, the offer by the board of its continuation, or a renewal of the employment for 1886, by designating C. as the person to be employed, was a proposition by the county to continue the employment of C. for another year at the same rate of pay, and that the performance of the service by him was an acceptance of the proposition upon such terms, and gave C. no cause of action against the county for a greater or additional rate of compensation.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Tibbetts & Morey,* and *Cornish & Tibbetts,* for plaintiff in error :

A county is a *quasi-*corporation and through its board may employ necessary counsel. (*Platte Co. v. Gerrard,* 12 Neb., 251; *Hammond v. Meadville,* 6 Id., 227.) There may be implied contracts with corporations as with individuals. (Bishop on Contracts, sec. 316; *Board v. Greenbaum,* 39 Ill., 609: *Ross v. Madison,* 2 Ind., 281; *Merrick v. Plank Road,* 11 Ia., 74; Ang. and A., Corp., secs. 227, 230, 423.) As to implied contracts in general, see 2 Wait's Act. and Def., 72–3.) Where evidence to prove the proposal is direct, positive, and satisfactory, and that offered to disprove it is purely negative, the former must prevail. (*Ralph v. Ry. Co.,* 32 Wis., 177; *Cook v. Racine,* 49 Id., 243.)

*John A. Casto,* for defendant in error :

The findings of the court have the same weight as the verdict of a jury. (*Seymour v. Street,* 5 Neb., 89; *Cheney*

*v. Eberhardt*, 8 Id., 426 ; *Hartley v. Dorr*, Id., 452); and are final upon all questions of fact unless manifestly wrong. (*Rolfe v. Pilloud*, 16 Neb., 14 ; *Lane v. Starkey*, 20 Id., 588); will not be set aside if there is evidence to support them (*R. Co. v. Jones*, 9 Neb., 71; *Jones v. Edwards*, 1 Id., 170) ; nor unless clearly against the weight of evidence. (*Hedman v. Anderson*, 6 Neb., 401 ; *Cook v. Powell*, 7 Id., 284.)   In this case the evidence supports the finding.

COBB, J.

This cause comes to this court on error from the district court of Adams county.

The plaintiff in error alleged in the court below that during the year 1886, and prior, and hitherto, defendant was and is a duly organized county of this state and governed accordingly.

II. That on January 12, 1886, the board of supervisors of said county employed the plaintiff, as an attorney at law, to prosecute and defend all actions in which the county was or might be a party, or interested, and to advise said board upon matters pending before it.

III. That it was agreed that plaintiff was to receive as compensation for his services the reasonable and full value thereof, not to exceed for the year 1886, $1,000.

IV. That he entered upon the performance of the services and discharged all the duties therein during the whole of the year 1886.

V. That the reasonable value of the services was upwards of $1,000.

VI. That he has received in part compensation therefor $400, and no more, and that there is still due him $600.

For a second cause of action it is alleged that the plaintiff, at the request of said board, paid out and expended the sum of $16 on behalf of defendant in a case in which it

was a party; and that no part of said sum has been repaid to him, and the whole is due and owing from the defendant.

And the plaintiff alleges that he duly presented to said board his claim for $616 for his services, which was allowed as to $16, and disallowed as to $600, from which decision, as provided by statute, he brought his appeal to the district court, and prays, etc.

The defendant answered, and admitted that it was a duly organized county as stated; that on January 12, 1886, its board of supervisors employed plaintiff as stated; but that such services were agreed to be rendered by plaintiff for the same amount paid to him for like services by plaintiff for the year 1885, to-wit, $400, payable quarterly, with such necessary expenses as the county board might deem just and equitable, which amounts have been fully allowed and paid.

Defendant admits that plaintiff has performed services for the defendant for the year 1886, as stated, and, while so employed, that he paid out $16 for necessary expenses for defendant, as stated, which sum the defendant now tenders him in open court, and offers to confess judgment therefor and costs to date.

Defendant admits that the plaintiff has duly presented to the county board his claim for $616, as stated, and denies each and every other allegation of the plaintiff, etc.

The plaintiff replied, denying each and every allegation of the defendant.

There was a trial to the court, a jury being waived, with special findings for the defendant as to $600, fees and compensation for the year 1886, and for the plaintiff for $16, expenses for the year, with $2 interest thereon, and judgment for the plaintiff for $18 and costs of suit.

The plaintiff's motion for a new trial having been overruled, the case is brought to this court on the following assignments of error:

1.  The court erred in the assessment of plaintiff's damages.

2.  The judgment is not sustained by sufficient evidence.

3.  The court erred in overruling the motion for a new trial.

Section 47 of the act of legislature, entitled, " An act concerning counties and county officers," approved March 1, 1879, provided that " the county board may, when they deem it necessary, employ an attorney to prosecute and defend all actions in which the county is a party or may be interested, and to advise such board upon any matter pending before them, but the compensation allowed such attorney shall not, in any one year, exceed the sum of one thousand dollars."

This remained the law until it was repealed by implication by the act of March 10, 1885, providing for the election of county attorneys, whose duties as officers were to be undertaken in 1887, and was the law of the plaintiff's employment, as county attorney, by the defendant. Under this act it was doubtless competent for the county board of any county to employ an attorney and lend it the nature and character of an appointment to office; to employ him yearly to do all the public litigation of the county, and to advise the board on matters falling within the scope and practice of his profession, and to pay him such stipend as might be agreed upon within the limit of $1,000 per annum, as provided in the section; and this seems to have been the view of the law and of their powers and duties under it taken by the county board of Adams county.

It appears from a certified copy of their proceedings of January 12, 1886, attached to the bill of exceptions, that a proposition was made in the session of the board to proceed to the selection of a county attorney, and that the plaintiff and another were put in nomination, and that the plaintiff having received a majority of the votes cast was declared duly elected county attorney for the ensuing year. This election, under the law, amounted only to a designa-

tion by the board of an attorney whom they preferred to employ under the terms of the statute. The evidence is clear that there was no vote, resolution, or verbal agreement, by the board, to fix the compensation of the attorney thus employed.

It also appears from the deposition of Amos Shuttuck, chairman of the board at the time of the election, taken by the plaintiff and read in evidence on the trial, that there was no agreement or understanding as to the compensation of the plaintiff as county attorney for that year; that there "was no official action taken by the board in reference to the salary of the plaintiff for the year 1886." Yet he also states that the plaintiff stated in the presence of the members of the board and the chairman at the time they ordered him to proceed in the prosecution of certain cases that, in doing all this work, he would not do it for four hundred dollars.

It is in evidence that the plaintiff was employed by the same board, in the same capacity, during the year 1885, and a copy of the record of the county board was produced in evidence by the defendant, on the trial, from which it appears that the salary of county attorney was definitely fixed by resolution of the board at $400 per annum, payable quarterly, and that the actual necessary expenses of the attorney when away from the county upon its business be allowed and paid to the extent that the board may deem just and equitable. Under this appointment the record shows that the plaintiff for the first quarter of 1885 was paid for such services $100; for the second quarter the sum of $104.50; for the third quarter the sum of $104; and for the fourth quarter the sum of $119.

It thus appears that the compensation of the county attorney was definitely fixed by the county board, during the year 1885, at the sum of $400, without mentioning the agreement to pay some portion of the expenses when the attorney was so employed.

With due consideration for the argument of counsel in the brief, to the effect that the fixing of the salary during the year 1885 could have no influence as a criterion or precedent for the question in controversy, it will be observed that, although the members of the county board under the township system of government are elected annually, the board itself is a permanent continuing body; and that if the office of county attorney had been, at that time, a salaried office, the salary to be fixed by the county board, the salary fixed at $400 in 1885 would have remained the fixed salary of the office during 1886, and probably even up to the repeal of the law, in 1887, unles the board had seen fit to modify or supersede their former resolution.

While it was not a salaried office, it was a public employment under special contract, within the provisions of the statute. In 1885 the board established the compensation at a rate deemed expedient for the services required. At the expiration of the year, and at the commencement of a new one, the board signified its reëmployment of the plaintiff, for the ensuing year, without any new resolution or special contract as to compensation. But upon the recognized rules of logic the offer of continued employment carried also the rate of compensation already established and existing. Now, it was competent for the plaintiff to have declined, or to have refused to accept the employment, except upon terms of additional compensation definitely proposed. He probably spoke to members of the board to that effect, without influencing the action of the board; and did accept the employment and rendered the services required, as he formerly had done, without a special contract, or the promise of a higher rate of compensation.

Without conceding that a county, under an act of the legislature as that we have considered, could be sued, on a *quantum meruit*, for services rendered, I will say that in a case like the one considered, were the defendant a private corporation, or mercantile firm, and the plaintiff an em-

ploye of either, the law applicable in that instance would be the same as that expressed in this case.

The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.