OLIVER W. JONES *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

December 20, 1889.

**Railway—Negligence of Conductor—Advising Passenger to leave Moving Train.**—It is negligent and unwarrantable conduct on the part of a conductor in charge of a train to notify or advise a passenger to leave the train while in motion, under circumstances likely to expose him to accident or injury.

**Same—Negligence of Passenger—Reliance on Conductor's Advice.**— Unless a train is moving very slowly, and the circumstances are especially favorable, it is *prima facie* negligence for a passenger to attempt to alight or jump from a moving train. The circumstances may, however, be such as to render the question a proper one for the jury. He may be justified, in any particular case, in relying upon the superior knowledge of the conductor as to the speed and movements of the train, and other circumstances, and in following his directions, particularly when notified to act promptly, to prevent being carried beyond a station.

**New Trial—Newly-Discovered Evidence.**—The decision of the trial court, refusing an application for a new trial made on the ground of newly-discovered evidence, will not be reversed where the affidavits are conflicting, and such evidence is merely cumulative, or for the purpose of impeachment.

Appeal by defendant from a judgment of the district court for Faribault county, when the action was tried before *Severance,* J., and a verdict of $3,000 rendered for plaintiff, and a new trial refused.

*Andrew C. Dunn* and *H. H. Field*, for appellant.

*Lovely & Morgan, S. J. Abbott, D. F. Morgan,* and *W. J. Trask,* for respondent.

VANDERBURGH, J.   The plaintiff purchased a ticket at Wells for Winnebago City,—towns on the line of the defendant's railway,— took passage on a freight train, entered the caboose in the evening, fell asleep, and was asleep when the train arrived at Winnebago City.   He did not wake up in time to get off while the train was stop- ping at the latter place; but, just as it was leaving, the conductor came into the caboose, and, according to the plaintiff's testimony, awakened him, asking: "Where are you going?  *Answer.* Winne- bago City."   He then said: "You want to get off, and get off quick." "He said that two or three times."   The plaintiff also testifies that he conducted him to the platform, "urged" him, and "seemed to be in a hurry;" that the night was very dark; that he knew the train was moving, but, he thought, very slow; and that he had not been notified that it had passed Winnebago City.   The witness says, also, he cannot remember whether the conductor helped him down the steps, but says he had hold of his arm; but "the train gave a lurch, and he sort of pushed me, and I went off."   On his cross-examina- tion he says that after they started for the rear end of the car, the conductor said to him: "You had better hurry up and get off as soon as you can;" that witness supposed that the train was coming up to the platform at the station; that he got on to the rear step, and was going to get off there; and, he says, "the train gave a lurch, and I fell off, and he pushed me at the same time."   This is the substance of plaintiff's version of the matter.   He is contradicted upon the ma- terial points by the conductor, who apparently gives a very reasonable and consistent account of the transaction, and one which is essentially different from that given by the plaintiff.   But it was for the jury to determine these matters of difference upon the whole case as submit- ted, and the trial court is so far satisfied with the verdict that it did not deem a new trial proper, either on the ground that the verdict was not justified by the evidence or on the ground of newly-discov- ered evidence.   The charge of the court is not returned, and must be presumed to have fairly presented the case to the jury.   The defend-

ant insists (1) that there is no proof of actionable negligence on its part; (2) that the evidence clearly establishes contributory negligence; and (3) that a new trial should have been granted on the ground of newly-discovered evidence.

1. Whether, upon all the evidence, it was considered by the trial court that the plaintiff was thrust off or required to leave the train by the conductor, or whether he was simply notified by the conductor to get off, while the train was in motion, without being warned of the risk in doing so, we think there is sufficient evidence of negligence to support the verdict. The conductor admits that the train had left the station, and was going 8 to 10 miles an hour at the time. It might be assumed that he knew the circumstances, and that he would not imprudently advise or direct a passenger to jump off a train, unless it was safe to obey his orders; and the passenger would naturally rely upon his judgment to a greater or less degree, according to the nature of the case. The evidence certainly tended to show that the language and conduct of the conductor in this instance were such as to authorize the plaintiff to conclude that he had a right to get off the train, and that he could safely do as he was directed. *Bucher* v. *N. Y. Central, etc., R. Co.*, 98 N. Y. 128. The notification to leave the train under the circumstances, if acted on, was likely to expose plaintiff to danger and injury; and, if the evidence of the latter was true, it was reckless and unwarranted conduct.

2. Ordinarily a passenger would be held not to be justified in getting off a train while in motion, except at his own risk. Unless the train is moving very slowly, and the circumstances are especially favorable, it would be deemed *prima facie* negligence. It is not necessarily so, however; and the circumstances presented by the record were such, in this case, as to make the question one for the jury. He claims to have been mistaken as to the speed of the train. He was directed to make haste to get off. He might assume that the conductor knew all about the place and the movements of the train, and that it would be necessary to obey orders to avoid being carried beyond his destination. He was suddenly waked out of sleep, he says, and did not understand that the train was moving rapidly. These and perhaps other circumstances were proper to be considered,

and were sufficient, we think, to justify the trial court in submitting the case to the jury. *Filer* v. *N. Y. Central R. Co.*, 49 N. Y. 47; *Shannon* v. *Boston & Albany R. Co.*, 78 Me. 52, 60; *Pool* v. *Chicago, Mil. & St. Paul Ry. Co.*, 56 Wis. 227, 236, (14 N. W. Rep. 46.)

3. The affidavits of several persons, whose evidence, it is claimed, can be procured at another trial, show that the account of the occurrence given to them by the plaintiff was different from that testified to by him upon the stand. This was, however, cumulative evidence of the same kind with that introduced on the trial. It was also in part contradicted, and in part attempted to be explained, in the opposing affidavits. The decision of the trial court, upon the record as presented, ought not to be disturbed by this court. *Lampsen* v. *Brander*, 28 Minn, 526, (11 N. W. Rep. 94;) *Peterson* v. *Faust*, 30 Minn. 22, (14 N. W. Rep. 64.)

Judgment affirmed.