HAGBARTH SAHLGAARD *vs.* THE ST. PAUL CITY RY. CO.

Argued Nov. 18, 1891.   Decided Jan. 19, 1892.

Negligence—Passenger Taking a Street Car.—It is not, as a matter of law, held to be negligence for a passenger to attempt to enter a street car while the same is moving, irrespective of the rate of speed or other qualifying circumstances.   It is presumptively negligent to do so if the car is moving at its ordinary rate of speed, or with accelerated speed, and especially if the attempt is made between cars, or at the front instead of the rear of a car.   It is ordinarily a question for the jury depending upon the circumstances of each case.

Negligence—Starting Street Car Suddenly.—Where a passenger was invited to enter a car by the conductor in response to his signal to stop for him, and the car had stopped, or, in the act of stopping, was moving very slowly, to enable him to take passage, and, while he was in the act of so taking passage in a careful and prudent manner, the car was suddenly and unexpectedly started, whereby he was thrown off and injured, *held*, that the street car company was liable.

Evidence.—Special findings of the jury *held* supported by the evidence.

Exceptions to Charge.—Sundry exceptions to the charge of the court considered, and *held* properly overruled.

Appeal by defendant, the St. Paul City Railway Company, from an order of the district court, Ramsey county, *Otis, J.,* made May 9, 1891, refusing a new trial.

Action brought by Hagbarth Sahlgaard, as administrator of the estate of John Swainson, deceased, against the St. Paul City Railway Company, a corporation, to recover damages for negligently causing Swainson's death, January 10, 1890.   Deceased resided in St. Paul, Minn., was a real-estate broker 72 years old, in sound health, well educated, industrious, and earning about $2,000 a year. He left him surviving his widow, dependent on him for support, and one daughter, his next of kin.   1878 G. S. ch. 77, § 2.   The defendant was operating a cable line of street cars on Seventh street, in St. Paul.   The train in question was going east, and consisted of a grip car, a coach, and a horse car attached in the rear.   Deceased attempted to board the horse car at its front end, near Wacouta street, and while doing so the cars started, and he was thrown down and under the horse car.   A wheel of the horse car ran over one of his legs, and he received injuries that caused his death.   Defendant claimed that deceased attempted to board the car while it was in motion.   The action was tried January 12, 1891.   The jury rendered a verdict for plaintiff, and assessed the damages at $5,000.   The jury also rendered the following special verdict, viz.:

"*Question.* After the train left Wacouta street, and before the stop made after the accident at or near Adler's furniture store, was the train stopped, or substantially stopped, to enable John Swainson to take the same ? *Answer.* Yes.

"*Q.* If you answer the above question in the affirmative, then was the train suddenly and improperly started by the negligent acts and conduct of those in charge, while John Swainson was in the act of taking the same? *A.* Yes.

"William E. Burton, Foreman."

*Henry J. Horn,* for appellant.

The evidence was not sufficient to sustain the verdict.

The court erred in refusing to charge, as requested, that if the jury find that the said John Swainson attempted to board the car or train of defendant in question while the same was in motion, and the accident complained of was occasioned by such attempt to board the said car or train while in motion, the plaintiff cannot recover.

*G. J. Lomen* and *Flandrau, Squires & Cutcheon,* for respondent.

VANDERBURGH, J.    This case turns chiefly upon questions of fact. The charge is that the defendant negligently started up the street car which plaintiff's intestate was attempting to enter, and that, as a result of such negligence, he was thrown down, run over, and fatally injured.    The answer alleges that the accident was occasioned by the negligence of the deceased in attempting to board the car while in motion, and that the defendant used proper diligence to prevent injury to him by stopping the car, but that, through his own negligence, and without any fault or negligence of the defendant, he slipped and fell, and received the injury complained of.    This presents the principal issue in the case.    It is not necessary to refer to the evidence in detail upon this issue.    There is some conflict in material particulars between the testimony in plaintiff's behalf and that of the defendant's witnesses; but the jury find specially that the train was actually "stopped, or substantially stopped, to enable Swenson to take the same," and that it was then suddenly and improperly started by the negligent acts and conduct of those in charge while he was in the act of taking the same.    A careful examination of the record in the case leaves no doubt that there was sufficient evidence offered to sustain this finding.    At the time in question the cars were proceeding down Seventh street in the city of St. Paul, and stopped as usual at the easterly side of Wacouta street, for the accommodation of passengers.    It was the line Swensen usually patronized in going to and from his place of business.    He was late, and failed to reach the car in time, but the conductor observed him coming for that purpose, motioned to him to come on, and also gave the driver the signal to stop the car.    It is conceded that the car did stop about the middle of the block, opposite Adler's store, where the injured man was taken from under the car wheels.    But the parties differ as to whether it was stopped before reaching that point for the purpose of enabling him to get on; the defendant's contention being that it had not previously stopped, but that he imprudently attempted to get on while the car was in motion, before it reached that point; while the plaintiff claims that it had previously stopped, and that it started up suddenly, while he was in the act of

taking passage, and was thereafter brought to a stop at Adler's, where he was taken from under the car wheels. But on this point the jury also find specially in plaintiff's behalf,—that it had previously stopped to enable him to take passage; and this finding is also supported by the evidence. The question of the contributory negligence of the deceased was submitted to the jury, and by the general verdict determined in plaintiff's favor, and upon this question also the evidence was conflicting, and the verdict decisive. Several of plaintiff's witnesses state that the car had stopped; that he had reached the forward end of the rear car, and seized the railings with his hands, had placed his left foot upon the step of the car, and, while in the act of raising his right foot to the same place, the car started suddenly with a jerk, which threw him off, and whirled him around, so that his legs were thrown under the car wheels. So much for the issues of fact. And the findings of the jury leave but little to be said on the legal questions raised at the trial. The request of the defendant to charge the jury that, if the plaintiff's intestate attempted to board the train of defendant while in motion, and the accident complained of was occasioned by such attempt, the plaintiff cannot recover, was a proper one; but, in view of the special findings of fact, its refusal by the court was not prejudicial to the defendant; and besides, the question of his alleged negligence in attempting to board the car was fully covered by the general charge, and fairly submitted to the jury. It is not necessarily a negligent act to attempt to enter a street car while in motion. That must depend upon the circumstances of each case. If it is moving slowly, or is nearly stopped, its speed gradually lessening, it may be entirely safe. On the other hand, if it is running at its ordinary rate of speed, and especially if moving with accelerated speed, it is presumptively negligent to do so. And it is of course more dangerous to enter the front than rear end of the car; and, as a rule, the attempt to board cable or electric trains may be more unsafe than horse cars, because of the greater speed of such trains. It is ordinarily a question for the jury, and was so in this case. *Eppendorf* v. *Brooklyn City & N. R. Co.*, 69 N. Y. 195 ; *Jones* v. *Chicago, M. & St. P. Ry. Co.*, 42 Minn. 183, (43 N. W. Rep. 1114.) The following propo-

sitions were also given in the charge to the jury by the court, and excepted to by the defendant: After Mr. Swensen had been motioned to and invited by the conductor to come on and take the car, a duty rested upon those in charge of the train to exercise care and diligence to afford him a reasonable opportunity to come on and take the car, and, failing in this, they were guilty of negligence, for which a recovery may be had, provided he was not himself guilty of negligence contributing to the accident; and if they brought their train to a standstill, or practically so, to enable him to take the car, and while he was doing this in a careful and prudent manner they suddenly and without warning negligently set the car in motion, whereby he fell in the attempt, and lost his footing, and was thrown down and injured, the plaintiff should recover.   That these instructions were proper, under the evidence, is very clear.   He had a right not only to expect that the car would be stopped, but that it would not be started till he was safely on board.   *Eppendorf* v. *Brooklyn City & N. R. Co., supra.*   No other exceptions require to be considered.

Order affirmed.

(Opinion published 51 N. W. Rep. 111.)