NORTHERN PAC. R. CO. v. EGELAND.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1893.)

No. 206.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action against a railroad company for injuries to an employe it appeared that plaintiff and several other section hands were riding in the caboose of a work train; that, as the train reached the station to which they were going, it slowed up, and that all but plaintiff jumped off safely. Plaintiff testified that he was standing on the platform of the caboose, waiting for the train to stop, when the conductor ordered him to get off; that he did so, and was injured. Defendant's evidence tended to show that plaintiff jumped without any order from the conductor. The train at the time was moving about 4 miles an hour, and the platform on which plaintiff alighted was only 12 or 16 inches lower than the step on which he stood. *Held,* that the question of contributory negligence was one for the jury.

In Error to the Circuit Court of the United States for the District of Minnesota.

This was an action by Ole J. Egeland against the Northern Pacific Railroad Company for injuries received. There was judgment for plaintiff, and defendant brings error. Affirmed.

J. H. Mitchell, Jr., John C. Bullitt, Jr., and Tilden R. Selmes, for plaintiff in error.

Henry J. Gjertsen and Lars M. Rand, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This is an action in which the defendant in error recovered a verdict against the Northern Pacific Railroad Company for injuries that he claims to have sustained by jumping from a moving train in obedience to an alleged order of the conductor who was in charge of said train. We are only required by the assignment of errors to determine whether the trial court erred in submitting the issue of contributory negligence to the decision of the jury, and we shall confine the inquiry to that question. It is insisted by the defendant company that the act of jumping from the train while it was in motion was in itself such contributory negligence as precludes a recovery, and that the circuit court should have so declared at the conclusion of all the evidence.

The testimony that was offered by the plaintiff tended to show that he was a section man in the defendant's service, and had been so employed for about two months prior to the accident; that on the day of the accident the plaintiff and several other section men boarded a work train which was in charge of one of the defendant's conductors and its road master, for the purpose of riding for some miles to a station called "Lake Park," where they had occasion to stop to secure some of their tools and a hand car; that the train in question consisted of a caboose and several flat cars, and that the section crew took seats in the caboose when they boarded the train, as it was their right and duty to do; that as the train neared Lake Park it slowed up, and the foreman of the section crew thereupon called to his men to make ready to get off, and immediately proceeded to the front platform for the purpose of getting off; that the remainder of the crew followed the foreman, and began to jump off while the train was still in motion; that the foreman and all of the other members of the crew except the plaintiff jumped off safely while the train was moving at the rate of from four to five miles per hour. The plaintiff also testified in his own behalf that he waited on the platform of the caboose for the train to stop after the other members of the crew, including the foreman, had jumped off; that as he was standing there the conductor of the train told him to "get off," and again said, "Hurry up; jump off now;" and that, in obedience to such command, he did jump or step from the car to the platform of the station, having first thrown his shovel and pail with which he was incumbered when he was first ordered by the conductor to get off. He further testified that he relied on the order of the conductor, and did not think there was any danger in obeying it; that the train was moving at the time at the rate of about four miles per hour; that he had had no previous ex-

perience in getting off from moving trains, and that, but for the order of the conductor, he would have remained on the car until the train stopped.

It further appeared in evidence that the platform of the Lake Park station house was only 12 or 16 inches lower than the steps of the car from which the plaintiff had to jump, and that in the act of jumping the plaintiff in some manner fell on the platform, and sustained some injuries.

The evidence for the defendant tended to show that, in the matter of jumping from the train while it was in motion, the plaintiff acted of his own volition, and without any precedent order from the conductor. In other respects there appears to have been no material controversy as to the circumstances under which the injuries were sustained.

In view of all the testimony, which we have stated with substantial accuracy, we think the trial court properly submitted the question of contributory negligence to the decision of the jury. We are of the opinion that the act of jumping or stepping from the train to the station platform, under the circumstances above disclosed, was not so obviously dangerous that the court should have adjudged the plaintiff guilty of contributory negligence, even though he acted in obedience to the order of the conductor. It was for the jury to say whether the conductor of the work train gave the alleged order to "get off," and whether that was a negligent direction, and whether, in view of such order and all attendant circumstances, the plaintiff acted with that degree of prudence which a man in his situation and with his experience would ordinarily exercise. It would subserve no useful purpose to review all of the cases which have been called to our attention by counsel for the plaintiff in error, with a view of showing that one who gets on or off a moving train thereby assumes all risks of getting hurt, and is guilty of contributory negligence. Reibel v. Railway Co., (Ind. Sup.) 17 N. E. Rep. 107; Railroad Co. v. Carper, 112 Ind. 26, 13 N. E. Rep. 122, and 14 N. E. Rep. 352; Solomon v. Railway Co., (N. Y. App.) 9 N. E. Rep. 430; Filer's Case, 49 N. Y. 47; Porter v. Railway Co., (Mich.) 44 N. W. Rep. 1054; Hunter v. Railroad Co., 112 N. Y. 371, 19 N. E. Rep. 820; Railroad Co. v. Coulbourn, (Md.) 16 Atl. Rep. 208; Patton v. Railroad Co., 96 N. C. 455, 1 S. E. Rep. 863; Jones v. Railway Co., (Minn.) 43 N. W. Rep. 1114.

We have examined all of the citations with which we have been favored, and have reached the conclusion that it is not a rule of universal application that a person must be deemed guilty of negligence whenever he attempts to leave a train while it is in motion. The authorities above referred to show, we think, that under some circumstances a person may make such an attempt without being chargeable with negligence. And where, as in the case at bar, there is testimony tending to show that a person has attempted to leave a train pursuant to the order of its conductor, at a station where it was necessary to get off, and while the train was moving slowly, and in so doing has sustained injury, it should be left to

the jury to say, in the light of all of the circumstances, whether such attempt was justifiable, and whether the plaintiff exercised ordinary care.

Finding no error in the action taken by the circuit court, its judgment must be affirmed.