### PLUNKETT, Sheriff, v. LAWRENCE COUNTY.

1. Code Cr. Proc. 1903, § 724, provides that the sheriff shall have charge of the county jail. Section 730 declares that the sheriff of each county shall provide board generally and all necessaries for the comfort of the prisoners, and shall be allowed such compensation for services as may be prescribed by the county commissioners of their respective counties; and section 732 declares that the jailer shall, unless the sheriff elects to act as jailer in person, be a deputy appointed by the sheriff, etc. Held, that under such sections, where the services of a jailer were required, the sheriff was entitled to pay from the county for the jailer's services, the amount to be fixed by the county commissioners.

2. Where the services of a jailer were necessary in a county jail, and the county commissioners had allowed the sheriff $75 per month for the services of such jailer for the preceding three years, the board was not entitled to refuse to allow the sheriff's charge of $75 per month for a past quarter, no notice having been given to the sheriff that the board would refuse to allow such sum for the jailer.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Lawrence county; Hon. JOSEPH B. MOORE, Judge.

Action by Matt Plunkett, as sheriff of Lawrence county, S. D., against Lawrence county. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*W. H. Parker*, State's Atty., and *Robt. P. Stewart*, Dep. State's Atty., for appellant.

*McLaughlin & McLaughlin*, for respondent.

CORSON, P. J. This is an appeal from a judgment entered in favor of the sheriff of Lawrence county against said county by the circuit court on an appeal taken from the board of county commissioners to that court. The claim presented by the sheriff against the county was for the salary of a jailer for the three months ending September 30, 1900, at the rate of $75 per month. The only question, therefore, presented for determination by this court is, did the circuit court err in rendering judgment in favor of the plaintiff? It is contended by the appellant county that no provision is made by the statutes of this state, nor is there any warrant of law, for the payment of any compensation to jailers in this state, and that, therefore, the plaintiff was not entitled to recover. It is urged on behalf of the respondent in support of the judgment of the court below that the question involved is not whether the sheriff is of right entitled to the salary of jailer in all cases, but whether or not, by continued course of dealing with the sheriff in this case, the board had fixed the compensation which he should receive under the statutes. Section 724, Code Cr. Proc. 1903, provides that "the sheriff  *  *  *  shall have charge of the county jail of his proper county, and of all per-

sons by law confined therein. * * *" Section 730 of the same Code provides that "it shall be the duty of the sheriff of each county to provide * * * board generally, and all necessaries for the comfort and welfare of said prisoners * *  *  and he shall be allowed such compensation for services re quired by the provisions of this chapter as may be prescribed by the county commissioners of their respective counties." It will be, observed that by the former section the sheriff is given charge of the county jail of his county and the care and custody of all the prisoners confined therein, and that by the latter section it is provided that it shall be the duty of the sheriff to provide board and all other necessaries for the comfort and welfare of the prisoners, and that "he shall be allowed such compensation for services required by the provisions of this chapter as may be prescribed by the county commissioners of their respective counties." Section 732 of the same Code provides that "the jailer or keeper of the jail shall, unless the sheriff elect to act as jailer in person, be a deputy appointed by the sheriff, and such jailer shall take the necessary oaths before entering upon the duties of his office; provided the sheriff shall in all cases be liable for the negligence and misconduct of the jailer as of other deputies." It will thus be seen that a jailer is clearly provided for and may be employed by the sheriff when the services of such a jailer are required. It is quite clear, therefore, from these three sections read together, that the sheriff must provide the prisoners with board and other necessaries, and for the care and custody of the same, either by himself or a jailer. We cannot presume that the Legislature contemplated or intended that the jailer, when one should be required, should be paid by the sheriff from his own

private means. It is clear, therefore, that not only the amount of compensation for board, etc., of prisoners, but the salary of the jailer, must be provided for by the county commissioners. The amount and manner in which such salary shall be paid is left entirely to the board of commissioners.

In this case the court found, among other things: "That the county commissioners of the county of Lawrence had prescribed as compensation for all of the duties to be performed by the sheriff of the county of Lawrence * * * the sum of sixty cents per day for each prisoner confined in the county jail, and $75 per month as salary for the jailer of said county jail, which compensation was to be paid said sheriff." "That it was necessary at all times for the sheriff to keep a jailer in said jail on account of the number of prisoners confined in said jail and the character of offenses with which they were charged." These findings are fully supported by the evidence. While no resolution of the board was shown fixing the amount of the compensation of the jailer, it clearly appears from the evidence that the board from April, 1897, to July, 1900, had allowed the sheriff in his quarterly account against the county a salary for jailer at the rate of $75 per month, thus, in effect, prescribing the rate of compensation to be allowed for the services of a jailer. The county could not, therefore, through its board of county commissioners, refuse to allow the salary for the quarter ending September 30, 1900, for the reason that it had given the plaintiff no notice that it would refuse to allow that sum for the jailer. It is disclosed by the evidence that the county jail of Lawrence county, during the time the plaintiff had charge of the same, contained on the average 18 prisoners, and it is quite clear, therefore, that a jailer was neces

sary to aid the plaintiff in the care of such jail and custody of the prisoners. In view, therefore, of the action of the board of county commissioners in allowing the bills of the sheriff for the preceding three years, the court was fully justified in finding that the county commissioners of said county had prescribed as a compensation $75 as the salary of the jailer. Capps v. Adams county, 27 Neb. 360, 43 N. W. 114. We are of the opinion, therefore, that the court was clearly right in rendering a judgment in favor of plaintiff and denying the motion for a new trial.

The judgment of the circuit court and order denying a new trial are affirmed.