THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

FRANK E. JENNINGS.

*Opinion filed October 23, 1907.*

1. APPEALS AND ERRORS—*an objection that bill of exceptions was signed by wrong judge should be made in Appellate Court.* An objection that the bill of exceptions, in a case tried by a judge who resigned before the bill was presented, was signed by one of the associates of such judge instead of by his successor should be made in the Appellate Court by motion to strike, or otherwise, and if the abstract of record does not show such course was pursued the objection will not be considered by the Supreme Court.

2. CARRIERS—*rule as to authority of freight conductor to permit passengers to ride on engine.* A conductor of a freight train does not, by virtue of his employment, have authority, either real or apparent, to permit passengers to ride upon the engine under ordinary circumstances. (*Chicago and Alton Railroad Co.* v. *Michie,* 83 Ill. 427, explained.)

3. SAME—*a passenger must show conductor's authority to waive provision of written contract.* A shipper whose contract with the carrier requires him to ride in the caboose attached to the train conveying the stock, and who is injured while riding on the engine at the invitation of the conductor of the train, is bound, in order to recover, to prove affirmatively that the conductor had actual or apparent authority to waive the provision of the contract.

4. SAME—*what does not tend to show apparent authority of a conductor to invite passenger to ride on engine.* As against un-

contradicted evidence that a freight conductor had no authority to waive a provision of a shipper's contract requiring him to ride in the caboose, proof that the conductor was in charge of the train, gave orders as to its management and directed the shipper to ride on the engine does not tend to show that he had apparent authority to waive such provision.

5. TRIAL—*when the court should direct verdict for defendant.* A shipper, suing to recover for an injury received while riding upon the engine by direction of the conductor, who fails to show affirmatively that the conductor had authority to waive the express contract which required him to ride in the caboose, is not entitled to have his case go to the jury, since the company owes him no duty in such case except to refrain from willfully injuring him.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. WILLIAM M. FARMER, Judge, presiding.

W. W. BARR, F. M. YOUNGBLOOD, and R. J. STEPHENS, (J. M. DICKINSON, of counsel,) for appellant.

C. E. JENNINGS, FRANK F. NOLEMAN, and W. F. BUNDY, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Marion county, recovered by the appellee, against appellant, in an action on the case for personal injuries sustained by appellee while riding on one of appellant's freight trains.

After the trial in the circuit court, and before the bill of exceptions was signed, the circuit judge before whom the case was tried resigned and the bill of exceptions was thereafter signed by one of his associates and not by his successor, and appellee urges that questions which arise upon the bill of exceptions should not, for that reason, be considered.

This matter should have been presented in the Appellate Court by a motion to strike, or otherwise. It does not appear by the abstract that this course was pursued, and for that reason the point will not be considered here.

This case was once before in this court and was disposed of at the October term, 1905. The opinion then rendered is found in 217 Ill. at page 140. Following judgment by this court the case was again tried in the circuit court upon the same pleadings, and the evidence upon the second trial in that court was substantially the same as upon the first trial, except with reference to one matter, which will hereinafter be discussed. The averments of the pleadings and the facts as shown by the evidence, with the exception just noted, may be ascertained by reference to the former opinion of this court. It is therefore unnecessary to re-state them here.

Upon the last trial in the circuit court each party offered additional evidence for the purpose of showing to the jury whether the conductor had authority, or apparent authority, to waive and modify the contract by virtue of which appellee was a passenger on the train, and which provided that he "shall, while the train is in motion, ride in the caboose attached to the train conveying the stock." Appellant offered evidence, which was not disputed, from which it appears that the conductor did not, in fact, as between himself and his employer, have the right to alter this contract or to waive the provision just quoted. Appellee, for the purpose of showing that the conductor had the apparent authority to permit or direct him to ride upon the engine notwithstanding the contract above quoted, testified as follows: "He was at the time conductor in charge of the train. He was giving orders in connection with the train. I went with him to the engine. I went because he commanded me to go. He said we would ride on the engine to Pana. He was in charge of the train and I did not know of anything else to do. He had authority over the train." At the close of all

the evidence appellant moved the court to instruct the jury to return a verdict in its favor, and the denial of this motion is assigned as error.

When the case was first tried the court took from the jury the question of the conductor's authority, or apparent authority, to modify or change the contract by instructing the jury that if the conductor invited or requested the plaintiff to ride on the engine, the provision of the contract in regard to riding in the caboose while the train was in motion was thereby waived. The instructions to that effect were held to be erroneous by this court, but there was no holding and no intimation in our opinion, as appellee seems to think, that the evidence in the case was sufficient to sustain a verdict against the appellant had it been returned by the jury under proper instructions. It was expressly pointed out that "it rested upon the plaintiff to affirmatively show that it was within the apparent scope of the authority of the conductor to waive the benefit of the contract, and that he [appellee] did not know or have reasonable grounds to believe that the conductor was exceeding his authority." Appellee's contract expressly obligated him, if he traveled upon the train, to ride in the caboose. Appellee's testimony to the effect that the conductor was in charge of the train and was giving orders in connection with the train and had authority over the train does not tend to show that the conductor had apparent authority to alter the written contract, or waive the provision thereof by which appellee was required to ride in the caboose. This evidence of the appellee tends only to show that this conductor had the same apparent authority that every conductor has upon every train, and if it could be said that it tended to show that the conductor had the right to alter or waive the provisions of the written contract, then if the passenger did not know whether the conductor had authority to waive or alter the provisions of the contract there would be no practical difference in the situation of the carrier in a case where the

conductor did not, in fact, have authority to alter or waive the contract and one in which he did have that authority, because, in every instance where he did not have the authority, indisputable evidence tending to show that he had apparent authority of that character could be introduced by showing that he was engaged in the performance of the ordinary duties of a conductor, which, in practice, would leave the carrier in the same position as though the conductor, in fact, had the power to change or waive the contract.

A conductor of a freight train does not, by virtue of his employment, have authority, either real or apparent, to permit passengers upon a train to ride upon the engine under any ordinary circumstances. (4 Elliott on Railroads, secs. 1580, 1632; Thompson on Negligence, sec. 2943.) In the existence of an emergency, as where, for instance, there was no caboose in the train, the rule might, perhaps, be otherwise.

The language in *Chicago and Alton Railroad Co.* v. *Michie,* 83 Ill. 427, relied upon by appellee, was not necessary in the decision of that case, and the court, in using it, evidently did not have in mind a case where the passenger was bound by an express contract to ride only in the car provided for carrying passengers.

There is no proof in the present record which tends to show that appellee was rightfully upon the engine, and if he was not rightfully there appellant owed him no duty except to refrain from wantonly or willfully injuring him. The jury should have been directed to return a verdict for the defendant.

The judgment of the Appellate Court and the judgment of the circuit court will be reversed and the cause will be remanded.                    *Reversed and remanded.*

Mr. JUSTICE FARMER took no part in the decision of this case.