## CHARLES JOSEPH v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

December 29, 1916.

Nos. 19,945—(88).

**Carrier — alighting passenger — contributory negligence — question of fact.**

> Plaintiff was a passenger on one of defendant's trains. When nearing his destination he went out on the platform, and while waiting for the train to arrive at the depot, was told by one of defendant's brakemen that "we won't stop at the depot," and "you better get off here." The increasing darkness made it impossible for plaintiff accurately to determine the speed of the train. He relied chiefly on the statement of the trainman in deciding that it was safe to get off. Holding his suitcase in his hand, he alighted while the train was in motion, and was injured. *Held*, that the question of plaintiff's contributory negligence was one of fact and was properly submitted to the jury.

[1]Reported in 160 N. W. 689.

Note.—For authorities passing on the question of negligence of passenger in getting on or off moving train by direction or invitation of those in charge of the train, see notes in 21 L.R.A. 361; 22 L.R.A.(N.S.) 751; L.R.A. 1915C, 181.

Action in the district court for Ramsey county to recover $15,000 for personal injury received while in the employ of the defendant. The answer alleged that all the circumstances surrounding the accident were patent and observable and well known to plaintiff and that he assumed the risk of being injured in the manner in which the accident occurred. The case was tried before Converse, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,500. Defendant's motion for judgment notwithstanding the verdict was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed, with permission to defendant to renew its motion for a new trial.

*Douglas, Kennedy & Kennedy,* for appellant.

*Barrows, Stewart & Ordway,* for respondent.

SCHALLER, J.

This is an appeal by the plaintiff from the judgment entered pursuant to the order of the court setting aside the verdict of the jury in favor of plaintiff and granting judgment in favor of defendant.

Plaintiff was a passenger on one of defendant's trains and was injured while alighting therefrom. For about four years prior to the accident upon which this suit is based, plaintiff was employed by defendant as a blacksmith, reinforcing and repairing bridges over which defendant operated its trains. His home was at Maiden Rock, Wisconsin, a station on defendant's line between LaCrosse, Wisconsin, and St. Paul, Minnesota. He was, at the time of the accident, and for some time prior thereto had been, working at a point south of Maiden Rock. His contract of employment provided that he was to be given free transportation from the point where he was employed to his home at the end of each week, and back to the place of employment at the beginning of the following week.

Plaintiff finished work at about 5 o'clock p. m. on the 29th day of May, 1914, and with several other employees of defendant, rode on a hand-car to Trempealeau, Wisconsin, at which point he boarded defendant's train No. 51. This train did not make a regular stop at Maiden Rock, but did stop at Alma, at which latter point orders were received relative to meeting train No. 58. Maiden Rock was the point at which

train No. 51 usually met train No. 58, in which event No. 51 stopped at the depot there. Plaintiff had been riding to and from his work every week for about four years, and had made between 150 and 200 such trips on train No. 51. In all this time, train No. 51 had failed to stop at Maiden Rock but once or twice, and then plaintiff rode to Prescott, the next stopping place of the train, and returned to his home the following morning. Plaintiff never boarded train No. 51 at Alma unless he was advised by the conductor that he (the conductor) had orders to meet No. 58 at Maiden Rock, in which case plaintiff surrendered his transportation to the conductor and left the train at Maiden Rock. He always got off at the station, which was located about 200 feet east of his house. He had never before gotten off this train while it was in motion.

On the day in question, plaintiff got off the train at Alma, the last stopping point before Maiden Rock was reached, and went into the depot with the conductor. He asked the conductor if he was going to meet No. 58 at Maiden Rock, to which the conductor replied in the affirmative. Thereupon plaintiff again got on the train and the conductor took up plaintiff's transportation as he passed through.

When approaching Maiden Rock, the colored porter, who was acting as one of the brakemen and whose duty it was to announce the stations in some of the cars, opened the coach door and advised plaintiff that Maiden Rock was the next station. Plaintiff picked up his suit-case, went out on to the platform or vestibule and stood there, waiting for the train to come to a stop. The conductor was also present on the platform.

When they were about 200 feet from the depot, the colored porter stated, in the presence and hearing of the conductor, that No. 58 had given a "highball," that "we won't stop at the depot," and said to plaintiff, "you better get off here." It was about 8:30 o'clock in the evening and growing dusk. It was so dark that plaintiff, coming out of the lighted coach, could not accurately estimate the speed of the train. He knew that the steam had been shut off and that the train had been slowing down for some time. He knew that the ground at that place was smooth and level. He relied largely on the direction of the porter, and, judging from the indistinct appearance of the ground as the train went along that it was not going too fast and that he could safely do so, swung

135 M—16

off the step of the car to the ground, struck his foot against a stone, fell and was injured. The train proceeded as far as the depot and there stopped. Plaintiff stated that when he started to alight he thought the train was going 4 or 5 miles per hour. The porter who told him to get off testified that the speed of the train was about 8 or 9 miles per hour. The rear brakeman testified in answer to the question. "You didn't think the train was going too fast for him to get off?" that "any ordinary person could get off, yes." Plaintiff said it was so dark that he could not distinctly see the ground as the train passed and that he arrived at the conclusion that it was safe to alight from what he could see indistinctly, from the time which had elapsed since the steam was shut off, but principally from the statement made by the porter. He further stated that some time before this he had observed the place where he got off the train and that at that time the ground was smooth and level, that when he got off the train he stepped on a round, smooth rock which threw him, and that he afterwards discovered that the condition of the ground had been changed and was quite rough with large rocks lying outside the track.

The facts which the jury must have found warrant the inference that defendant was guilty of negligence for which it is liable, unless plaintiff was guilty of contributory negligence. Jones v. Chicago, M. & St. P. Ry. Co. 42 Minn. 183, 43 N. W. 1114; Holden v. Great Northern Ry. Co. 103 Minn. 98, 114 N. W. 365.

Whether plaintiff failed to exercise such care as a person of ordinary prudence would exercise under similar circumstances was primarily a question for the jury, who have found this issue in favor of plaintiff.

It is the law that under ordinary circumstances it is negligence to embark on, or to alight from, a moving train, but when the train is moving slowly one physically active may, under certain circumstances, embark thereon or alight therefrom without being held guilty of contributory negligence. Jones v. Chicago, M. & St. P. Ry. Co. supra; Holden v. Great Northern Ry. Co. supra; Hull v. Minneapolis, St. P. & S. S. M. Ry. Co. 116 Minn. 349, 133 N. W. 852; Street v. Chicago, M. & St. P. Ry. Co. 124 Minn. 517, 145 N. W. 746.

There are exceptions to this rule, and to bring a case within the exception "it may be shown that the passenger was invited or directed to

get off the moving train, or that he acted under apprehension of impending peril, 'or that some direction was given to the passenger by those in charge of the train, or some situation created which interfered to some extent with his free agency and was calculated to divert his attention from the danger and create a confidence that the attempt could be made in safety.'" Holden v. Great Northern Ry. Co. 103 Minn. 98, 100, 114 N. W. 365, 366, and cases cited.

We think that the instant case is within the exception.

Judgment reversed with directions to enter judgment for the plaintiff on the verdict.[1]

HALLAM AND BUNN, J. J. (dissenting).

We dissent.

On January 12, 1917, the following opinion was filed:

PER CURIAM.

Upon due consideration of defendant's application for a reargument of this cause, it is ordered that the same be and it hereby is denied. But it is further ordered, that the former order remanding the cause to the court below be modified so as to permit a renewal and consideration by the trial court of defendant's motion for a new trial. Kreatz v. St. Cloud School District, 79 Minn. 14, 81 N. W. 533. The defendant's motion was in the alternative, for a judgment or a new trial, and the court below considered only the motion for judgment. The cause will therefore be remanded accordingly.

---

[1] See modification of order in *per curiam* opinion.
[2] Reported in 160 N. W. 775.