MISSOURI PACIFIC RAILROAD COMPANY v. HANNA.

Opinion delivered January 29, 1923.

1. CARRIERS—NEGLIGENCE—ALIGHTING FROM MOVING TRAINS.—Though the transportation contract of a shipper accompanying live stock provided that he was to remain in the caboose and not get off from a moving train, he could nevertheless sue for personal injuries sustained in alighting from a moving train on the advice of the conductor; the suit being not for breach of a contract but for the negligence of the carrier's servant.

2. TRIAL—INSTRUCTION ASSUMING FACT.—In an action for personal injuries sustained by a passenger while alighting from a moving train on the advice of the conductor, an instruction which assumed that the conductor was acting within the scope of his authority in directing the passenger to get off was not erroneous where such fact was established by the evidence.

3. TRIAL—INSTRUCTION AS TO NEGLIGENCE.—In an action for personal injuries sustained by an owner accompanying a shipment of live stock while alighting from a moving train under advice of the conductor, an instruction which assumed that it was negligence for a conductor to advise a passenger to alight from a moving train was correct.

Appeal from Poinsett Circuit Court; *J. M.·Futrell,* Judge; affirmed.

*Thos. B. Pryor,* and *Gordon Frierson,* for appellant.

1. The question of liability in this case is to be determined according to the law of the State of Illinois, where the injury occurred. 194 Fed. 79, 114 C. C. A. 157; 113 Ark. 265; 142 Ark. 59; 78 S. E. 925; 119 N. E. 539; Hutchinson on Carriers, § 205; Elliott on Contracts, § 3313.

2. Under the law of the State of Illinois appellee cannot recover in this action. 229 Ill. 608, 82 N. E.

403; 85 Fed. 945, 948; 171 N. W. 86. The contract involved was a rule and regulation of the company on the subject of transporting shippers in charge of livestock, which the conductor had no right to abrogate. Elliott on Railroads, § 2391; *Id.* 2480.

3. Instruction numbered 2 given by the court was erroneous in assuming that the conductor acted within the scope of his authority, and also in assuming that if he did invite plaintiff to alight from a moving train, such conduct constituted negligence on his part as a matter of law, whereas the question of negligence was one for the jury. 66 Ark. 109; 98 Ark. 370; 11 Ark. 309; 97 Ark. 438.

*Irving M. Greer,* for appellee.

1. The validity of the contract, which was made in this State, will be determined by the law of this State. 5 R. C. L. § 670; 174 Ill. 13; 50 N. E. 1097; 189 Fed. 153; 10 C. J., 1164, Carriers; 227 Fed. 127; 29 C. C. A. 503.

2. Negligence on the part of the railroad company or its employees deprives it of any protection under the contract, 1st, because such a contract is void as against public policy, and 2nd, because, under the statutes of this State, such a contract is void and not enforceable. 5 R. C. L. § 665; *Id.* § 667; 200 Fed. 197; *Id.* 207; 174 Ill. 13; 50 N. E. 1019; 40 Ark. 298; 105 Ark. 340; C. & M. Digest, §§ 843, 844. The procedure is governed by the *lex fori.* 113 Ark. 265. If negligence can be attributed to the defendant, liability attaches, irrespective of the contract. 4 R. C. L. § 596.

3. Instruction No. 2 was correct, and properly assumed that the conductor was acting within the scope of his authority, and also in assuming that he was guilty of negligence as a matter of law, in inviting the plaintiff to alight from the moving train. 88 Ark. 12, and cases cited; 113 Ark. 265; Minor, Conflict of Laws, 486; 108 Ark. 292; 177 Ind. 126; 97 N. E. 434; Ann. Cases, 1914-C, 1272.

HUMPHREYS, J.    Appellee instituted suit against appellant in the Poinsett Circuit Court to recover damages in the sum of $2,000, on account of injuries received in alighting from its train at Gale, Illinois, through the alleged negligent act of its conductor in inviting and advising him to get off at that place.    It was alleged that appellee was, at the time, accompanying a shipment of stock from Harrisburg, Arkansas, to St. Louis, Missouri, and in obedience to the advice of the conductor did alight from said train, with the result that he was thrown to the ground and seriously and permanently injured; that at the time it was so dark he could not tell how fast the train was moving, and in debarking acted solely upon the advice of appellant's employee.

Appellant filed an answer admitting that appellee was a passenger upon said train, accompanying a stock shipment to St. Louis, but denied all other material allegations in the complaint.    Appellant also interposed the following defenses:

First, contributory negligence on the part of appellee in alighting from a moving train.

Second, the written contract for transportation, which required the appellee to remain in the caboose attached to the train, while the train was in motion, and to get on and off the caboose while the same was still.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment against appellant in the sum of $2,000.    From that judgment an appeal has been duly prosecuted to this court.

Appellee, plaintiff below, introduced testimony to the effect that early in January, 1921, he shipped two carloads of cattle and one carload of hogs to St. Louis, Missouri, from Harrisburg, Arkansas; that he accompanied the livestock, riding by right as a passenger in the caboose; that when they were getting into Gale, Illinois, the conductor told the passengers to get off at the yard house, and it would save them walking through

the dark yards; that it was then about nine o'clock, and dark; that all of them got their baggage and followed the conductor to the door for the purpose of debarking; that, while standing in the door, the conductor again told them to get off; that the conductor got off first, J. E. Arnold next, and appellee next, who, by reason of the rapid movement of the train, was thrown violently to the ground, some twelve feet distant, and injured; that at the time he stepped off he thought the train was barely moving.

Appellant introduced testimony to the effect that the conductor told the passengers, if the train stopped at the hill, to get off so they would have time to eat; that the train was slowing down, and the conductor remarked, "I believe we are going to stop at the hill"; that the engineer took slack and started down the hill, whereupon the conductor told the passengers not to get off until they reached the bridge, about one hundred yards below the yard house; that the conductor himself got off at the yard house in order to register the train in; that Arnold succeeded in getting off safely, but that appellee fell in the attempt to do so. Appellant also introduced the bill of lading for the shipment of the livestock upon which appellant traveled, which contained a provision to the effect that the party in charge of the stock should remain in the caboose attached to the train while in motion, and to get on and off the caboose while the same was still.

Appellant's main contention for reversal is that, according to the undisputed facts, appellee was injured while attempting to debark from a moving train, in violation of his contract for transportation. In support of this contention, appellant cites the case of *Illinois Central Railroad Co.* v. *Jennings,* 229 Ill. 608, which decided that such a stipulation was valid. Conceding that the liability is determinable by the law of the State where the injury occurred, and that the Supreme Court of Illinois has upheld the validity of such a clause in a trans-

portation contract as being reasonable and just, the contract and adjudication, upholding its validity, have no bearing upon or application to the instant case. This suit is not for a breach of the contract, but for an injury resulting from an alleged negligent act of appellant's employee. The action is outside of the contract. It is based upon the maxim, *"respondeat superior,"* which imputes liability to a master for the negligent acts of his servant, within the scope of the servant's actual or apparent authority, irrespective of any contract. 4 R. C. L. § 596.

Appellant's next and last contention for reversal is, that the court erred in giving instruction No. 2, which is as follows:

"If you find from a preponderance of the evidence that, upon approaching, or while in or near the yards of the defendant at Gale, Illinois, the conductor in charge of said train of defendant advised the plaintiff to alight or get off of said train at the yard office, and if you further find that plaintiff acted upon the advice of said conductor, and attempted to alight from said train, and that in attempting to alight from said train he was in the exercise of due care for his own safety, and if you further find that the plaintiff was injured in alighting from said train and falling, you will find for the plaintiff; and, unless you find for the plaintiff under this instruction, your verdict will be for the defendant."

The instruction is assailed because it assumed that the conductor acted within the scope of his authority if he advised appellee to get off of a moving train at the yard house; and, if such advice was given, that it constituted negligence as a matter of law.

(1) The conductor was in command of the train, and necessarily possessed authority to direct passengers when and where to get off. His own testimony reveals that he had such authority. In instructing the jury it was therefore proper for the court to assume that he was acting within the scope of his authority if he directed appellee to debark at the yard house,

(2)   It was also proper to assume, in instructing
the jury, that if the conductor directed appellee to get
off of a moving train, which threw him violently to the
ground in the attempt to debark, it was a negligent act
as a matter of law.   The general law is that a carrier
owes a passenger the highest degree of care consistent
with the practical operation of its trains (2 Hutchinson
on Carriers [3d ed.] § 1118), and to direct a passen-
ger in the night time to debark from a moving train
without furnishing ample means and protection for do-
ing so is clearly in violation of this duty, amounting in
the law to negligence.   *Jones* v. *Chicago, M. & St. P. R.
Co.,* 42 Minn. 183; *Eddy* v. *Wallace,* 49 Fed. 801; *Lake
Erie & W. R. Co.* v. *Huffman,* 97 N. E. 434.

The issue of contributory negligence on the part of
appellee in debarking from the moving train was sub-
mitted to the jury under proper instructions.

No error appearing, the judgment is affirmed.
\