## SAMUEL F. FULLERTON v. CHICAGO GREAT WESTERN RAILROAD COMPANY AND ANOTHER.[1]

June 6, 1924.

No. 24,007.

**Questions for jury.**
    Plaintiff, injured in alighting from a moving train, sued and recovered damages against the railroad company and the conductor, at whose direction or invitation he made the attempt. It is *held*:
    (1) The evidence made it a jury question whether or not plaintiff alighted at the direction or invitation of the conductor, and whether or not giving such direction or invitation was actionable negligence.
    (2) The defense of contributory negligence was for the jury.
    (3) No reversible error is found in the instructions to which defendants object.

Action in the district court for Ramsey county to recover $15,000. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $3,200. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Briggs, Weyl & Briggs* and *A. V. Junkin,* for appellants.
*Samuel A. Anderson,* for respondent.

HOLT, J.
    In the afternoon of June 20, 1922, plaintiff boarded a freight train of the defendant railroad company at West Concord to go to Dodge Center. In alighting from the train while in motion he fell and was injured. This action was brought against the conductor and the company to recover damages. The complaint alleges that plaintiff paid the regular fare and was received as a passenger on the train; that defendants informed him that the train would stop at Dodge Center; that they carelessly and negligently failed to

[1]Reported in 199 N. W. 93.

stop at the depot there, but simply slowed down; that, as the caboose in which plaintiff was riding passed the depot platform, defendants carelessly and negligently required plaintiff to alight and assured him that he could do so in perfect safety; that he made the attempt and was injured. The answer admitted that plaintiff rode on the train in question; that he attempted to alight from the moving train and fell; that all of the facts and circumstances were open and obvious to plaintiff or in the exercise of ordinary care should have been known by him; that he was a man of mature years and considerable experience on trains; and that whatever injuries he sustained were due to and caused solely by his own negligence. There was a verdict for plaintiff, and defendants appeal from the order denying their motion in the alternative for judgment or a new trial.

Although the questions of plaintiff being rightfully a passenger and the extent of his injuries were sharply contested at the trial, the oral argument and the brief of defendants evidently accept the jury's finding thereon as final. The main contentions on the appeal are: (a) Defendants did not request, direct, or invite plaintiff to alight from the moving train; and (b) plaintiff was guilty of contributory negligence. If one of these propositions appears established conclusively or as a matter of law, the verdict cannot stand.

It is the general rule that a passenger injured in alighting from or in boarding a moving train cannot recover. He is either guilty of contributory negligence or must be held to have assumed the risk. But exceptional circumstances may take a case to a jury, such as an invitation or direction from those in charge of the train to alight, provided it cannot be said as a matter of law that ordinary care required the passenger to desist. Jones v. Chicago, M. & St. P. Ry. Co. 42 Minn. 183, 43 N. W. 114; Butler v. St. Paul & D. R. Co. 59 Minn. 135, 60 N. W. 1090; Holden v. Great Northern Ry. Co. 103 Minn. 98, 114 N. W. 365; Hull v. Minneapolis, St. P. & S. S. M. Ry. Co., 116 Minn. 349, 133 N. W. 852; Street v. Chicago, M. & St. P. Ry. Co. 124 Minn. 517, 145 N. W. 746; Joseph v. Chicago, B. & Q. R. Co. 135 Minn. 239, 160 N. W. 689.

The first question then is: Did the evidence warrant the jury in finding an invitation or direction to alight given by the conductor? Plaintiff testified that he was talking to the conductor as the train approached the depot, and, noticing that it was running as if it would pass without stopping, he said: "Is the train going to stop at Dodge Center so I can make connection?" The conductor answered: "Yes, it will slow up and you can get off." As the front part of the train was passing the depot plaintiff again spoke saying: "I am very anxious to get to Waseca to-night." The conductor responded: "The train will slow up enough, you can get off easily and I'll take your grip." With that the conductor took the grip and stepped down from the rear end of the caboose onto the platform. Plaintiff followed. From what was said and done by the conductor we think the jury warranted in finding an invitation to plaintiff to alight, and that, under the circumstances, this constituted negligence. The conductor's version of the occurrence is altogether different, namely, that he would take plaintiff's grip and get off with it at the depot so that plaintiff would not have to carry it back, and that he told plaintiff not to get off until the train came to a stop. The jury evidently rejected this as not true.

But an invitation or even command from those in charge of a train to alight from it when in motion does not always avoid the defense of contributory negligence. It was broad day-light. The speed of the train could be seen and appreciated. There was no apparent emergency. And had plaintiff taken time for thought he ought to have realized that the train would not go on without the conductor, but would stop in the yard, as it did, a half mile further on. It must also be said that, if the train was moving at the speed indicated by defendants' witnesses of upwards of 15 miles per hour, plaintiff should be held to have been guilty of negligence, even though active for his age and used to travel. However, the jury could accept plaintiff's estimate of speed which was much less than one-half of that testified to by the conductor. Plaintiff saw the conductor encumbered by the grip swing himself off easily and likewise the brakeman, a man measuring only 5 feet and 5

inches, alight safely from the other side of the caboose where there was no platform. It is not likely that this could have been accomplished so readily, unless the speed was so moderate that the jury could find the defense of contributory negligence not established. It could properly consider that plaintiff's knowledge and experience was not the same as that of the conductor, and that the former could in a measure rely upon the latter's judgment and direction without subjecting himself to the charge of negligence.

Defendants take exception to parts of the charge. It is very full and clear. In stating the claims of plaintiff, assignments of error 1 and 4, there may be some slight inaccuracies, but, when stating the law to be applied by the jury, we think the charge of the learned trial court apt and correct. Whether the conversation and conduct of the conductor amounted to a direction or invitation to plaintiff was for the jury to determine. We are unable to see that the verdict could be affected in the slightest degree whether the jury found an invitation or a direction.

The order must be affirmed.