## Chicago & Northwestern Railway Company v. George Smith.

1. NEGLIGENCE—*To Permit Depot Platforms to Remain Covered with Ice.*—It is negligence in a railroad company to permit its platform at a passenger depot to remain covered with ice so as to be unsafe for passengers alighting from trains.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. HENRY. B. WILLIS, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

BOTSFORD & WAYNE, attorneys for appellant.

A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is an action on the case by appellee to recover from appellant damages for injuries sustained by slipping and falling under its train while alighting therefrom as a passenger at its station at North Aurora. There was a trial

and recovery for $1,000. No error was committed on the trial, and the questions of fact involving the liability of defendant were fairly tried and submitted to the jury for decision. The jury concluded that there was a legal liability and the court concurred with them, and a reversal is asked for the sole reason that the claim of plaintiff as presented by the evidence was wholly without merit, and the verdict merely an endeavor on the part of the jury to more nearly equalize financial conditions between the parties without regard to want of care on the part of plaintiff or negligence on the part of defendant.

The plaintiff by his declaration, consisting of six counts, charged the defendant with a multiplicity of duties toward him covering every imaginable field of obligation, and which in their entirety might perhaps make the operation of trains and conducting the business of a railroad very onerous and burdensome if all the passengers should require an equal amount of care and attention.

It was averred that the defendant had failed in the discharge of each of these duties, and that in consequence of such failure plaintiff fell under the wheels of the train and was run over and injured. The argument here covers the same grounds as the declaration, but in our judgment the only charge worthy of attention in view of the evidence is that the defendant had permitted its platform at the station to remain covered with ice so as to be slippery and unsafe for passengers getting off from its train, and if the judgment is sustained it must be upon that ground. The accident occurred in the evening of February 8, 1893. It had been sleeting and freezing the day before and on the morning of that day, so that the platform was covered with ice. It was the duty of defendant to exercise care to keep the platform in suitable condition for use by persons getting on and off its trains, and when it became slippery and unsafe as a consequence of the storm, that duty required that it should be again made safe in a reasonable time by the removal of that source of danger. Whether anything had been done to that end was in dispute before the jury. There was an incline

from the street to the platform and some ashes had been scattered on that. It was claimed by defendant that the platform had also been sprinkled with ashes, but this was contradicted, and the conclusion of the jury on that question must be accepted as final. Regarding that fact as established in favor of plaintiff, we think that defendant was thereby proved guilty of negligence, and that liability attached to it on that ground if the injury resulted from such negligence while plaintiff was in exercise of ordinary care. Whether the injury did result from the condition of the platform is the serious question in the case. There would seem to be no doubt on that subject if it were not for evidence of statements made by plaintiff shortly after the accident in conflict with his account of it given at the trial.

His testimony was that he started out of the car as soon as it stopped; that he stepped off upon the platform and took one step when he slipped and fell; that he rolled under and between the cars, and that he caught hold of the opposite rail and threw himself out on the other side from the platform, but that his hand was run over, necessitating the amputation of one finger and rendering another stiff, and its use impaired. Defendant's station agent and surgeon each testified to statements by him, that he was on the step on the opposite side of the coach from the platform, and that when the air brake was applied in making the stop he lost his balance, and was thrown under the car. He denied making these statements. There was also a written statement signed by him made to defendant's claim agent, stating that he had taken five or six steps from the car when he reached the top of the incline and fell at that place from the ice and snow on the platform. He claimed that his statement was not written as given to the claim agent, and that such statement was the same as at the trial. In this he was corroborated by other testimony, and we think that there must have been a mistake in understanding or writing down what he said. In the contradiction between plaintiff and the station agent and surgeon the jury

evidently believed plaintiff, since his story at the trial could scarcely have been believed if he had previously given the accounts claimed. The trial court seems to have agreed with the jury, and we can not say that they were clearly wrong in their judgment of the credibility of the witnesses.

Plaintiff was a railroad brakeman for the Illinois Central Railroad, and was having a free ride on the defendant's road. The customary argument that railroad employes are liars could be applied impartially, unless the fact that a railroad employe testifies against a railroad company makes a difference in his favor although he has a moneyed interest at stake. But judgment of credibility is so far rightfully influenced by personal observation of the witnesses and hearing them testify, that the conclusion of the court and jury on that subject should not be set aside for light cause. No error of law having intervened, we do not think that the judgment should be reversed. Taking plaintiff's account at the trial as true, there was no want of care on his part. The judgment will be affirmed.