CARL GUSTAFSON v. CHARLES A. GUSTAFSON and Others.[1]

May 13, 1904.

Nos. 13,817—(58).

**New Trial.**

The right of a trial court to grant a new trial on the ground that the verdict of the jury or findings of the court are not sustained by the evidence is not absolute or arbitrary, but a discretionary power, which must be founded upon the evidence in the case. Where the evidence wholly fails to establish a material fact, its sufficiency is to be determined by an application of legal principles.

**Fraud.**

In this action there was no evidence to sustain the allegations of fraud, made the basis of plaintiff's cause of action, and it is *held* that the trial court erred in ordering a new trial on the ground that its findings to the effect that fraud was not established were not sustained by the evidence.

Appeal by defendants from an order of the district court for Wright county, Giddings, J., granting a motion for a new trial. Reversed.

*E. S. Oakley* and *J. T. Alley,* for appellants.

*W. H. Cutting,* for respondent.

BROWN, J.

Plaintiff executed and delivered to defendants, his children, on September 2, 1902, a deed of certain real property owned by him, and on May 15, 1903, brought this action to set it aside, on the ground that it was procured from him by fraud. The trial court found the allegations of fraud not true, and ordered judgment for defendants. Subsequently, upon motion, based in substance and effect on the ground that

1 Reported in 99 N. W. 631.

the findings were not sustained by the evidence, the court granted a new trial, from which defendants appealed.

The deed of the property from plaintiff to his children was without consideration other than love and affection, and amounted in law to an executed gift. It was, in the absence of fraud, or undue influence amounting to fraud, valid and binding between the parties. Lamprey v. Lamprey, 29 Minn. 151, 12 N. W. 514. Such gifts are attended with a presumption of validity, based upon the maxim of the law that fraud is never presumed. In order to justify a court in setting such a gift aside, therefore, fraud must be affirmatively shown by the person seeking to be relieved therefrom. No presumption of fraud arises from the fact of relationship, in voluntary conveyances of property, even in favor of creditors. Shea v. Hynes, 89 Minn. 423, 95 N. W. 214. And though such transactions between relatives are to be scrutinized by the courts with extreme care, the fact that the parties are related to each other gives rise to no presumption against the transaction. Prescott v. Johnson, 91 Minn. 273, 97 N. W. 891. The burden to establish the fraud is upon the party alleging it. In the case at bar the burden was upon plaintiff to prove by a fair preponderance of the evidence that the deed was procured from him by means of the fraudulent representations alleged in his complaint, and the burden was in no way shifted by the fact that defendants alleged in their answer that the deed was executed for a valuable consideration.

The complaint alleged as a basis for the relief sought that defendants procured the deed from plaintiff by fraud; that, to induce him to execute it, they fraudulently represented that it was a mere matter of form, for the purpose only of showing that defendants were his children, and in fact a lease of the property for a term of years. There are no allegations of undue influence, and the right to have the deed set aside is based wholly upon the alleged fraudulent representations. Defendants' answer denies the allegations of fraud, and alleges that the deed was executed and delivered for a valuable consideration, and also in consideration of plaintiff's love and affection for his children, defendants.

The question with which we are confronted is whether there was any evidence offered on the trial below reasonably tending to establish the allegations of fraud contained in the complaint. If there was, the order of the trial court granting the new trial must be affirmed; but, if there

was no such evidence, then the order should be reversed. Neither party complains of any error in the rulings of the court on the trial, and the case turns on the question whether the evidence tended to sustain the allegations of fraud. The right of a trial court to grant a new trial on the ground that the verdict of the jury or findings of the court are not sustained by the evidence is not an absolute or arbitrary one, but a discretionary power and duty, which must be based upon the evidence in the case. Where the evidence offered wholly fails to establish a material issue under the pleadings, the sufficiency of the evidence is to be determined by the application of legal principles, and is not a matter of discretion. In such case the court is bound by the legal rights of the parties as disclosed by the evidence. In the case before us the question is whether there is any evidence reasonably tending to establish the fraud alleged in the complaint, and to this question we turn our attention.

The fraud alleged in the complaint, as already stated, is to the effect that defendants represented to plaintiff that the deed was a matter of form, to show that defendants were his children, and a lease of the farm for a term of years. Our examination of the record leads us to the conclusion that there is no evidence whatever to sustain this charge. The facts, as disclosed by the evidence, are practically undisputed. There is substantially no controversy as to what took place at the time of the execution of the deed, or what was said between the parties at the time or immediately preceding.

It appears that plaintiff owned the land in question, consisting of eighty acres, which constituted his homestead, and had been for a number of years. He is a widower, seventy-three years of age, and up to a short time prior to the execution of the deed resided on the land with one of his daughters. A short time prior to the execution of the deed he informed the daughter, who was keeping house for him, that he intended to get a new housekeeper, and that she might find another place to live. This information was undoubtedly communicated to the other children, and the suspicion was aroused among them that plaintiff intended to marry again. Some of the children then requested their father to convey the land to them, for the reason that it would not be right for him to marry at his advanced age and give the property to his wife should he precede her to the grave. He hesitated about doing

this, but after a week or more of reflection he concluded to comply with their wishes. Some of the children were present at the time the deed was made; others were not; and the absent ones knew nothing of the transaction until after the deed had been executed and recorded. The deed was drawn by a disinterested party, who fully explained its contents and effect to plaintiff before he signed it, and his act in signing it was with full knowledge of all the facts, and entirely voluntary, so far as the evidence discloses. He did not wish to be deprived of his home during his lifetime, and so expressed himself to his children and to the person who drew the deed; and to protect him in that behalf a clause was inserted in the deed reserving to him the use, occupancy, rents, and profits of the land during his lifetime.

The probability of his marrying again was discussed by the parties at the time, and plaintiff thought, and so expressed himself, that it would be unfair for him to marry a woman, get her to help and assist him in the care of his household, and leave her nothing in case of his death. It was suggested that his wife would receive from his personal estate the sum of $500. He thought his personal estate would not amount to that sum, whereupon the children present at the time agreed to make up the sum of $500 from their own funds, and pay it to the new wife, in case plaintiff should finally conclude to marry again. To carry out this special agreement, a written contract to the effect was some time subsequent to the making of the deed—probably within a week—signed by all the children, all of whom are of age.

There is no suggestion in the evidence of any fraudulent representations, either by the defendants or by the person who drew the deed. It appears conclusively, not only from the testimony of defendants and the person who drew the deed, but from the testimony of plaintiff himself, that the deed was read and explained to him before he signed and executed it. He was fully acquainted with its contents, knew its purpose and effect, and the object of its execution, which was to convey the property to his children, and prevent the possibility of its going to a new wife.

Plaintiff was a man in good health. According to his own testimony he had not been sick a day in fifty years. He was on good terms with all his children, was fond of them, and it was his purpose, as he testified, to give this identical property to them at his death; he intended that

they should have it. There was not a suggestion of mental infirmity on his part, or any intimation anywhere that he was in any way deceived. In answer to the question why he executed the deed he explained that he did not know, except that he was foolish enough to do so. Nothing was said by any of the parties about the deed being a lease of the property for a term of years, or that it was for the purpose of showing that defendants were the children of plaintiff. There is a total lack of evidence to sustain any of the allegations of fraud, and the court erred in granting a new trial.

The order appealed from is reversed.