# L. A. HULL v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

December 29, 1911.

· Nos. 17,331—(162).

**Station platforms — ice and snow — duty of railroad.**

It is the duty of a railway company to use reasonable care to keep and maintain its station platform in safe condition for use, and free from accumulations of ice and snow of a character to endanger the safety of .those who are or intend to become passengers upon its trains.

**Same — evidence.**

Evidence *held* sufficient to justify the verdict to the effect that· defendant negligently failed in the performance of this duty, and that the court properly denied defendant's motion for judgment notwithstanding the verdict.

**Entering train in motion.**

The question whether a passenger is chargeable with contributory negligence in attempting to board a train while it is in motion may or may not be one of fact for the jury, depending upon the facts and circumstances of the particular case.

**Same — question of fact.**

Where the train does not stop a sufficient length of time to permit passengers to go aboard, is moving slowly by the station platform, and the passenger making the attempt is physically active, his freedom of action unimpeded, and there are reasons justifying his attempt to take the particular train, the question is one of fact.

**Verdict sustained by evidence.**

The question *held* one of fact in this case, and that the evidence sustains the verdict.

**Rule in Hicks v. Stone — discretionary order.**

The rule of Hicks v. Stone, 13 Minn. 398 (434), under which orders grant-

[1] Reported in 133 N. W. 852.

[Note]   Negligence of passenger in getting on or off moving train, see note in 22 L.R.A.(N.S.) 741.

Negligence of passenger in getting on or off moving street car, see note in 30 L.R.A.(N.S.) 270.

ing new trials on the ground that the verdict is not supported by the evidence are sustained by this court as discretionary, was designed to include only those cases where the trial court, for reasons peculiarly within its knowledge, is justified in concluding that the ends of justice will be best served by submitting the evidence to another jury.

**Failure of evidence — reversal when item of evidence is not essential.**

Where the trial court expressly assigns reasons for an order granting a new trial, and the reasons so assigned relate exclusively to the failure of the successful party to offer a particular item of evidence, the court holding that the absence thereof is fatal to the verdict, the order is not discretionary within the Hicks v. Stone rule, and will be reversed if the court was in error in holding the particular evidence essential to the verdict.

**Order not discretionary.**

The order granting a new trial in this case *held* not discretionary, and that the court erred in granting the same.

Action in the district court for Ramsey county to recover $25,000 for personal injuries. The complaint, among other matters, alleged defendant negligently maintained the platform in front of its station at Cardigan Junction, and permitted the same to remain in a dangerous condition for the use of travelers, on account of its being slippery, rough and uneven, and having large quantities of ice and snow, whereon travelers alighting from or entering its cars, or using the platform, would be liable to lose their footing, slip and fall; that defendant wilfully and prematurely started the train referred to in the opinion; that it proceeded on its way to Minneapolis without stopping and without notice to plaintiff, and plaintiff, while carefully attempting to re-enter the train under the direction of defendant's servants, slipped upon the platform by reason of the defects specified and was thrown under the wheels of the moving train, and so injured that it was necessary to amputate his left arm near the shoulder. The answer set up the contributory negligence of plaintiff. The reply was a denial of new matter in the answer.

The case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $9,400. Defendant moved in the alternative for judgment notwithstanding the verdict or for a new

trial. The court granted a new trial, but denied the motion for judgment.

Plaintiff appealed from the order granting a new trial. Defendant appealed from the order denying its motion for judgment notwithstanding the verdict and granting a new trial. Reversed, with directions to the court below to enter judgment in favor of plaintiff upon the verdict. Affirmed as to the order denying defendant's motion for judgment.

*John D. O'Brien* and *Bracelen & Cronin,* for plaintiff.

*J. L. Erdall* and *M. D. Munn,* for defendant.

BROWN, J.

Defendant moved in the alternative for judgment notwithstanding the verdict for plaintiff, or a new trial. The court granted a new trial, but denied the motion for judgment. Both parties appealed.

The action was brought to recover for personal injuries alleged to have been received by plaintiff because of the negligence of defendant, and the facts are substantially as follows:

Defendant operates a line of railroad from points in Wisconsin to the cities of St. Paul and Minneapolis. From the station of Cardigan Junction, this state, one branch line runs to the city of St. Paul and one to the city of Minneapolis. In other words, the line divides at that place, and separate trains are run to the two cities. The junction of the road commences immediately at the station named, and the station platform and building occupy the space between the two diverging tracks.

On the day of the accident here complained of plaintiff took passage on one of defendant's regular passenger trains at Centuria, Wisconsin; his destination being Minneapolis. He bought a ticket entitling him carriage to Cardigan Junction, intending to buy a second ticket at that station for Minneapolis. The object of this, as explained, was to take advantage of the two-cent passenger fare rate then in force in this state. When the train reached Cardigan, it proceeded down the St. Paul track, though it was the regular Min-

neapolis train, for the purpose of discharging baggage and mail destined for St. Paul. This, as we understand it, was the usual custom. It was the custom, also, after discharging the mail and baggage, to back the train down below the switch, then pull up on the Minneapolis track, and stop the train opposite the station platform to permit passengers to board the same. And this custom was uniformly followed, except when it appeared to the conductor that there were no passengers waiting to take the train, in which event the train did not stop, but proceeded on its way to Minneapolis.

On this occasion, after the train had reached the station, at about nine o'clock in the forenoon, plaintiff alighted and proceeded to the ticket office to procure a ticket for Minneapolis. He inquired of the agent in charge whether the train would stop at the platform after switching to the Minneapolis track, and the jury was justified in finding that the agent informed him that it would. Plaintiff then bought and paid for his Minneapolis ticket, and about the time he had completed the transaction with the agent the train was approaching upon the Minneapolis track. Plaintiff had left his overcoat in the car in which he came from Centuria and other personal effects, and was anxious to continue his journey. As he passed out of the station building, he noticed the approaching train, and also noticed that it was not going to stop, so he made an effort to board the same while it was moving. As he came up to the side of the train, his feet slipped upon the icy station platform, and he fell under the train, the last car passing over his arm, so fracturing it as to necessitate its amputation.

In his complaint in this action he charged defendant with negligence, and as the proximate cause of his injury, (1) in not affording him a reasonable opportunity to take the train; and (2) in permitting the accumulation of ice upon its station platform to such an extent as to render the use thereof by passengers dangerous and unsafe. The court in its instructions to the jury limited plaintiff's right of recovery to the claim of negligence respecting the icy condition of the station platform, charging the jury that the evidence presented no question of negligence in the alleged failure of defendant to afford plaintiff a reasonable opportunity to board the train.

Whether the court erred in withdrawing that issue from the jury we need not determine.

It is contended by plaintiff that the court below erred in granting a new trial, while defendant contends that the order granting a new trial was proper for the reason that the evidence failed to make a case of negligence against it, and that plaintiff was guilty of contributory negligence, as a matter of law, in attempting to board the train when it was in motion. And, further, for the same reasons, that the court below erred in denying its motion for judgment notwithstanding the verdict. Defendant also contends that in any event the order granting a new trial was discretionary, and, within the rule of Hicks v. Stone, should be affirmed.

1. It is the duty of a railway company engaged in the transportation of passengers for hire to exercise reasonable care to keep and maintain in safe condition for use all portions of its station grounds, approaches, and depot platforms which passengers are invited or naturally may be expected to use in going to and from the station, or in boarding or alighting from trains. This includes the obligations to keep the station platform adjacent to trains free from accumulations of ice and snow, and to prevent formations there of a nature to endanger the safety of those who are or intend to become passengers upon the trains. Hutchinson, Carriers (3d Ed.) § 935; 2 Moore, Carriers, 612, and cases there cited.

The evidence in the case at bar fully justified the jury in finding a negligent failure on the part of defendant to discharge this duty. The evidence discloses an unsafe and dangerous condition of the station platform arising from an accumulation of ice at the point on the platform where plaintiff attempted to board the train, a condition the jury was warranted in concluding was not of recent formation, and which could have been removed by reasonable diligence on the part of the servants of defendant. The ice was on the outer side of the platform, next to the railroad track, was rough, uneven, and slippery, extending over several feet, and varying from two to three inches in thickness, sloping towards the track, and at a place where passengers might be expected to go in boarding or alighting from trains.

The evidence of its presence on the platform was conflicting, but that submitted by plaintiff was sufficient to justify the verdict. If it was upon the platform, as this evidence tends to show, defendant was chargeable with negligence in not removing it. There was no attempt to show that it was of recent origin, or that defendant was not aware of its presence in time to afford it an opportunity to remove the same. The evidence is silent as to the time of its formation. There was no evidence of either a rain or snow storm at about this time, except a light snow the day before. Defendant's servants swept off the platform on the morning of the accident and reasonable care on their part would have brought the situation to their attention. Chicago v. Smith, 59 Ill. App. 242. It is, however, fair to say that the servant doing that service testified that there was no ice upon the platform that morning.

The question was for the jury, and the evidence established negligence on the part of defendant in this respect, and sufficient to justify the verdict for plaintiff, unless he was as a matter of law guilty of contributory negligence in attempting to board the train while it was in motion.

2. The authorities are not in harmony upon the question whether a passenger is chargeable as a matter of law with contributory negligence in such cases. By some courts the affirmative of the proposition is maintained, while other courts hold the question ordinarily one of fact to be determined in the light of the facts surrounding each particular case. Thompson in his Commentaries on the Law of Negligence says:

"It cannot be affirmed that a person is guilty of contributory negligence as matter of law from the mere fact that he attempts to board a railway train while it is in motion. If the train does not stop at the proper stopping place for a sufficient length of time to enable the passenger to get on before it starts, and the passenger, thus coerced by the negligence of the company, attempts to board the train while it is slowly moving, and is injured in the attempt, contributory negligence will not be imputed to him, but he will be allowed to recover damages. The rate of speed at which the train is moving, and whether it stops for a sufficient length of time to enable the passen-

gers who are waiting to get aboard, are circumstances to be considered in deciding the question; and it is accordingly, within reasonable limits, a question of fact for the jury." 3 Thompson, Com. Negligence, § 2995.

Such is, in substance, the rule in this state, though expressed in different language by Mr. Justice Mitchell in Butler v. St. Paul & D. R. Co. 59 Minn. 135, 140, 60 N. W. 1090.

And we think the prevailing rule resolves the question into one of fact, when it appears, as in the case at bar, that the train did not stop a sufficient length of time to permit passengers to go aboard, was moving slowly by the station platform, the passenger making the attempt was physically active and his freedom of motion unimpeded, and there were reasons justifying him in continuing his journey on the particular train, particularly where, as here shown, the company is also negligent in permitting a dangerous and unsafe accumulation of ice upon its station platform, which contributes to cause the injury resulting from the attempt to so board the train.

The evidence here presented was amply sufficient to justify the jury in so finding the facts. Plaintiff had left his baggage in the car in which he came from his home in Wisconsin. He was informed by the agent that the train would stop at the platform. He was physically active, his freedom of movement was unimpeded, and the train was moving at about three and one-half miles an hour. While the evidence as to the speed of the train was conflicting, it is clear that it could not have been running at a very rapid speed, for its starting point at the junction of the diverging tracks was a short distance from the station platform, and the jury was justified in adopting the testimony of plaintiff's witnesses upon the subject.

It follows, therefore, since the question of defendant's negligence and plaintiff's contributory negligence were issues of fact for the jury, and the evidence supports this verdict, that the trial court properly denied defendant's motion for judgment notwithstanding the verdict.

3. We come, then, to the question whether the court erred in granting a new trial. It is contended by the defendant that the order comes within the rule of Hicks v. Stone, and should be af-

firmed. We are unable after a careful examination of the memorandum of the court below, attached to and made a part of the order, to concur with defendant in this claim.

The rule of Hicks v. Stone was designed to include only those cases where the trial court for reasons peculiarly within its knowledge is justified in concluding that the ends of justice will· be best served by submitting the evidence to another jury. Such a conclusion may be founded in a doubt as to the credibility of the witnesses, a doubt as to the probative force and character of the evidence, or a feeling gained from the course and manner of the trial, and the atmosphere thereof which is incapable of being spread upon the record, that a fair and impartial trial was not had.

These and kindred reasons are the basis for the discretionary power of the court in ordering a new trial on the ground that the evidence does not support the verdict. The power is not, however, an arbitrary one, and must be founded upon reasons similar to those stated. Where the evidence in the opinion of the court fails to establish a material fact, a fact essential to the cause of action or defense, an order granting a new trial for that reason does not spring from the discretionary power of the court. The court in that case is dealing with a question of law. Gustafson v. Gustafson, 92 Minn. 139, 99 N. W. 631.

The reasons assigned in support of the order in the case at bar were, in substance and effect, that the verdict was not sustained by the evidence, because no witness testified directly that plaintiff slipped upon the icy platform where he attempted to board the train. There was evidence, says the court, "tending to establish the presence of ice at the place where the plaintiff fell, but there is no testimony by any witness which states that he fell by reason of the ice;" and for this reason the court concludes "it does not seem that the verdict is justified by the evidence."

That the court had in mind the insufficiency of the evidence as a matter of law is clear, and that he was in error in concluding that direct evidence of the fact stated was essential to plaintiff's right to recover is equally clear. As already held, the evidence was sufficient to send to the jury the question whether the icy condition of

the platform was the cause of plaintiff falling under the train, and it was unnecessary to call witnesses to testify to that fact, for they could at the most only give in evidence their opinion upon the subject. The fact that the ice was present and that plaintiff's feet slipped from under him when he stepped upon it was sufficient to justify the jury in concluding that the ice was the cause. Rogers v. Minneapolis & St. Louis Ry. Co. 99 Minn. 34, 108 N. W. 868; Moores v. Northern Pacific Ry. Co. 108 Minn. 100, 121 N. W. 392; Ellington v. Great Northern Ry. Co. 92 Minn. 470, 100 N. W. 218. In other words, the circumstantial evidence that the ice was the cause of the slipping was sufficient, and the learned court was in error in holding that direct evidence of the fact was necessary. The order granting a new trial was not therefore discretionary within the rule of Hicks v. Stone.

Where the court in cases of this kind makes a general order granting a new trial on the ground of the insufficiency of the evidence, we assume that it is based upon considerations warranting it, and no further inquiry is made, except to determine whether the order is clearly and palpably against the evidence. But where the reasons assigned are, as in the case at bar, expressly stated, and disclose a reason not discretionary, the reason so assigned will control this court in determining whether the order be discretionary or otherwise.

A careful consideration of the record discloses no errors in law of a character to justify a new trial, and for the reasons stated the order of the court below denying defendant's motion for judgment is affirmed; and the order granting a new trial is reversed, with directions to the court below to render judgment for plaintiff upon the verdict.