# TRUSTEES OF LITTLE CEDAR CONGREGATION OF ADAMS v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[2]

October 18, 1912.

Nos. 17,665—(29).

**Fire from locomotive — verdict sustained by evidence.**

> The defendant's railway track was 275 feet from plaintiff's church, which was destroyed by fire.  The nearest point from the track where, under the testimony, the fire could have originated, was 150 feet.  *Held*, upon an examination of the record, that the evidence justified the jury in finding that the fire was set by sparks thrown from a locomotive passing over the track.

1 [Laws 1899, p. 447, c. 349.]          2 Reported in 137 N. W. 970.

**Objection not available upon appeal.**

An objection that a question put to a witness assumes a fact not proven cannot be urged on appeal, unless made at the trial.

**Charge to jury.**

Where the court, in charging the jury, referred to the necessity of resorting to circumstantial evidence as to the origin of fire set by sparks, because sparks emitted in the daytime are, ordinarily speaking, invisible, no unfairness or prejudice can result from thus stating common knowledge.

**Verdict not ambiguous.**

A verdict assessing damages in a certain sum, with interest at six per cent, is not uncertain or ambiguous, when the record shows the date from which such interest should be computed.

Action in the district court for Mower county against defendant railway company, Joseph Opie and D. S. Barr to recover $7,000 damages for loss of a church building by fire alleged to have been caused by sparks from defendant company's locomotive. The separate answers of defendant company and defendant Barr denied knowledge as to whether the building was destroyed or damaged by fire. The replies were general denials. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $4,-000. From an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial, defendant company appealed. Affirmed.

*F. W. Root* and *Catherwood & Nicholsen,* for appellant.

*French & Sasse,* for respondent.

HOLT, J.

In an action to recover for the loss of its church building by fire claimed to have been set by a locomotive of the defendant railway company, plaintiff had a verdict, and the company appeals from the order denying its alternative motion for judgment notwithstanding the verdict or for a new trial. Two servants of the company were made parties defendant. The jury found in favor of one, the engineer in charge of the locomotive, and as to the other the action was dismissed on motion.

Under Laws 1909, p. 454, c. 378 [R. L. Supp. 1909, § 2041], the

railway company's liability is established, if the evidence justified the jury in finding that the fire which destroyed plaintiff's church was communicated directly or indirectly by a locomotive of the company. No negligence need be proven in this case against the railway. The main contention urged by appellant is that the evidence does not support the conclusion that its locomotive, which, about one o'clock in the afternoon of June 21, 1910, passed within 150 feet of plaintiff's premises, set the fire which, within twenty or thirty minutes thereafter, was discovered burning in or about the front steps of the building and eventually consumed it.

The church in question was situated in Mower county, about twelve miles easterly of Austin, near the line of defendant's railway running to Calmar. The building faced south; the steps encroaching apparently on a public highway running east and west. A creek ran north and south about 200 feet west of the church. The ground between was a cemetery, and was inclosed on the south by a wire fence running from the building along the highway to the creek. To the south of the highway was a pasture, and south of that the company's right of way ran in a southeasterly direction, so that the track was 150 feet directly south of the southwesterly corner of the cemetery, and 275 feet directly south of the front of the church. A cement bridge was just built by defendant over this creek, where it crossed the right of way, some 100 feet further west than the place where the creek intersected the highway. The railway bridge was some twenty feet higher than the banks of the creek, and the roadbed towards the east was elevated above the level of the surrounding country, from twenty feet at the creek bank to about nine or ten feet directly south of the church. Some groves on either side of the right of way served to deflect the direction of the wind when blowing from certain quarters. At the time of the fire the season was unusually dry, and a moderate wind was blowing from the southeast. No fire was set south of the highway. There was evidence to the effect that a narrow strip, from a foot to a foot and a half in width, was burned under and along the fence mentioned, from the creek to the church; also that, when the fire was first noticed, it was on the westerly side of the building adjacent to the front steps. If the locomotive set the

fire, the sparks must have blown 150 feet, and started at the south-west corner of the cemetery, and followed along the fence to the building, or else a greater distance, if the fire was first kindled near the church steps.

No good purpose will be served by an extended discussion of the evidence. An attentive examination of the record would seem to justify the conclusion of the jury as to the origin of the fire. The situation of the church, the elevation and grade of the railway track, the force and direction of the wind, the deflection of the wind by the location of groves, the unusual dryness of the season, the time and place of the discovery of the fire, and the testimony tending to eliminate every other cause as to its origin than the one from sparks cast by defendant's locomotive, give such basis for the verdict that we are unable to say that the trial judge erred when he refused to disturb it. Cases are not wanting wherein verdicts find that sparks from a locomotive set fires more than 150 feet from the track upon which it ran. Johnson v. Chicago, M. & St. P. Ry. Co. 31 Minn. 57, 16 N. W. 488; Hoffman v. Chicago, M. & St. P. Ry. Co. 40 Minn. 60, 41 N. W. 301; Knight v. Chicago, 81 Iowa, 310, 46 N. W. 1112; Colorado v. Snider, 38 Colo. 351, 88 Pac. 453.

A witness who came upon the ground within an hour after the fire started was asked this question: "Now, what effects of the fire there did you see, if any? What part burned, if any?" Defendant objected that it was too remote. Clearly the court was right in permitting an answer. On cross-examination, plaintiff asked defendant's witnesses regarding another fire set by the same locomotive on the same trip. To such questions defendant objected, on the ground that it was incompetent, irrelevant, and immaterial, and again that it was not cross-examination. Sometimes the objections were sustained and again the question was withdrawn. One witness was allowed to answer, it being proper cross-examination as to him. Appellant does not now claim that evidence that the locomotive in question set other fires, or threw sparks, on the same trip, is not admissible. Still it is insisted that it was prejudicial to assume in the question a fact not yet proven. But in the objections made at the trial to these questions,

the point now urged was not raised, and we must decline to consider it.

The court, in stating to the jury the contentions of the parties, said that plaintiff did not claim that any one saw the sparks escape from the locomotive, or saw the fire when it started, but claims that the circumstances were such as to lead to the inference as a fact that the fire originated from the locomotive, and then follows in the same sentence this language, which the appellant claims to be unfair and prejudicial: "In cases like this, proof of that kind or proof of circumstances is usually such proof as is necessarily resorted to, to establish facts of that kind; because in the daytime, as one of the witnesses said, 'you can't see a spark,' and, frequently, if a fire does originate from a spark, the first result that is discoverable is smoke and fire from combustible material, which is communicated by a spark, so that, ordinarly speaking, it may be said as a matter of fact that there are no eyewitnesses to fires which come from [a] passing locomotive." We fail to see wherein the court's observation in regard to common knowledge may be said to be unfair to appellant.

It is contended that the verdict is ambiguous and uncertain. It reads: "We, the jury impaneled and sworn in the above-entitled action, find for the plaintiff and assess its damages in the sum of $4,-000.00, Four Thousand and $^{00}/_{100}$ Dollars, against the defendant Chicago, Milwaukee & St. Paul Railway Company only with interest at 6 per cent"—dated January 11, 1912, and signed by the foreman. The pleadings show that the church was destroyed June 21, 1910, and the court charged the jury that, if the verdict was for plaintiff, it should be for the value of the property destroyed on June 21, 1910, and interest at six per cent per annum from that date until the day of the verdict. It appears to us that from the record the verdict is certain, and by mere computation the correct amount may be inserted in the judgment. There being other defendants in the action than the one named in the verdict, it is evident that the word "only" therein refers to the defendant railway company, and not to the amount. Cohues v. Finholt, 101 Minn. 180, 112 N. W. 12.

The order must be affirmed.