# AUGUSTA ANDERSON v. CITY OF ST. CLOUD.[1]

## June 30, 1916.

## Nos. 19,676—(91).

**Appeal and error — evidence to sustain verdict.**

Whether a verdict can be sustained must be determined, not by considering the evidence opposed to it, but by considering whether there is any evidence fairly tending to support it. [Reporter.]

**Same — icy sidewalk.**

Whether ice and snow had accumulated on the sidewalk so as to form a dangerous ridge or slope, and whether defendant city had been negligent in failing to remove such accumulation, were questions for the jury and their verdict was supported by evidence. [Reporter.]

Action in the district court for Stearns county against the city of St. Cloud and Elizabeth Ashworth to recover $5,600 for personal injury received in a fall upon an icy sidewalk in front of premises owned by defendant Ashworth. The case was tried before Roeser, J., who, when plaintiff rested, denied the motion of defendant city to dismiss the action as to it and granted the motion of defendant Ashworth to dismiss the action as to her, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant city appealed. Affirmed.

*James E. Jenks*, for appellant.

*James H. Maybury*, for respondent.

PER CURIAM.

Plaintiff recovered a verdict against defendant for injuries resulting from a fall upon a sidewalk therein. Defendant made a motion in the alternative for judgment notwithstanding the verdict or for a new trial, and appealed from the order denying its motion.

Plaintiff claims that a ridge of ice and snow extended across the sidewalk and that she stepped upon this ridge and slipped and fell. Defendant claims

[1] Reported in 158 N. W. 417.

Note.—As to liability of municipality for injury by ice and snow on streets and sidewalks, see notes in 21 L.R.A. 263; 13 L.R.A.(N.S.) 1105; 45 L.R.A. (N.S.) 75.

that there was no ridge whatever and that the accident resulted solely from slipperiness caused by ice and snow. The accident happened between ten and eleven o'clock in the forenoon of February 7, 1914, in front of a building consisting of two parts occupied by different tenants, and upon one of the most frequented thoroughfares of the city. The testimony on behalf of defendant was to the effect that there was no ridge of any kind, but that a sleet storm on the preceding night had covered all the sidewalks of the city with a coating of glare ice rendering them dangerously slippery. But whether the verdict can be sustained must be determined, not by considering the evidence opposed to it, but by considering whether there is any evidence fairly tending to support it. Plaintiff and her witnesses testified that the sleet storm did not occur the preceding night, but about a week before the accident. Her principal witness was the tenant of one part of the building in front of which she fell, who apparently was not on the best of terms with his neighbors. He testified that he regularly removed the snow from the sidewalk in front of his premises up to the line of the adjoining portion of the building; that the snow had remained upon the sidewalk in front of the other portion of the building all winter; that constant travel had packed this snow so that it had become hard and icy and at the line of his premises sloped down to his clean walk; that the length of this slope was four or five inches; and that the surface of the icy snow was an inch or so higher than the surface of his portion of the walk. At another place he stated that the edge of the icy snow sloped at an angle of about 45 degrees and was four or five inches in length. Another witness testified that the ice and snow was four or five inches thick, and that it sloped down to the clean walk. As plaintiff proceeded up the street, she passed over the snow-covered portion of the walk first and slipped and fell when she reached the slope. She testified that she did not see it until after she fell, but looked at it then and thought it was four or five inches high. Whether ice and snow had accumulated upon the sidewalk so as to form a dangerous ridge or slope, and, if so, whether the city had been negligent in failing to remove such accumulation was submitted to the jury under full, clear and accurate instructions, and we cannot say that their finding upon these questions is without evidence to support it. We find no error in the admission of evidence, and the amount of the verdict is not so unreasonable as to justify this court in interfering with it.

Order affirmed.