HOME INSURANCE COMPANY v. CHICAGO, ST. PAUL,
MINNEAPOLIS & OMAHA RAILWAY COMPANY
AND ANOTHER.[1]

July 2, 1920.

No. 21,790.

**Evidence insufficient to prove fire was caused by defendant's negligence.**
   1. In an action to recover the value of certain buildings upon and adjoining the right of way of defendant railway company, alleged to have been destroyed by a fire negligently started by defendant in the operation of a stationary engine in near proximity to the buildings on a windy day, it is *held* that the evidence supports the verdict to the effect that the fire did not originate from the stationary engine and that defendant was in no way responsible therefor.

**Charge to jury.**
   2. There were no prejudicial errors in the instructions to the jury.

Action in the district court for Watonwan county to recover $13,034.23, paid by plaintiff upon its insurance policies for loss of buildings and their contents from fire caused by the wilful negligence of defendants. The substance of the answer is stated in the third paragraph of the opinion. The case was tried before Comstock, J., who at the close of the testimony denied the motion of defendant railway company for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

   *Edward C. Farmer* and *Haycraft & McCune*, for appellant.
   *Richard L. Kennedy* and *Donald Evans*, for respondents.

BROWN, C. J.

The St. James Farmers Grain Company, a corporation, owned and operated a grain elevator situated on the right of way of defendant railroad company as its line extends through the city of St. James. Certain other buildings used in its business immediately adjoined the ele-

[1]Reported in 178 N. W. 608.

vator, but were not upon the railroad right of way. All the buildings were insured in the Home Insurance Company, plaintiff in this action, for their insurable value. They were destroyed by fire on the sixteenth day of May, 1918, and the insurance company in the due course of time adjusted and paid the loss. On the claim that the fire was caused by the negligence of defendant, the insurance company brought this action to recover the amount so paid on the policy to the insured.

It appears that on the day of the fire defendant was operating upon its premises, about 100 feet from the elevator and other buildings, a machine used in sawing off the ends of broken steel rails; the machine was operated by steam power generated by a stationary steam engine, in which coal was used as fuel. It was a windy day, and a high, dry and hot wind carried the smoke from the engine and whatever sparks were contained therein directly toward the buildings, and thus they were exposed to the danger of communicated fire. The complaint alleges that defendant was negligent in operating the machine at the time and under the circumstances, and that by reason of such negligence fire was in fact communicated to the buildings, causing the total destruction of the same. The conduct of defendant in so operating the machine at the time is alleged to have been wilful, wanton and in reckless disregard of the safety of the property of the grain company.

Defendant answered, putting in issue the alllegations of negligence, and alleging as an affirmative defense that a part of the buildings in question were upon the railroad right of way under a lease from the company, by the terms of which the company was expressly exempted from all liability for loss or damage to the same by fire negligently caused by the operation of the railroad or by its employees.

There was a general verdict for defendant and plaintiff appealed from an order denying a new trial.

The assignments of error present several questions, only two of which, in our view of the case require attention, namely, (1) whether the evidence supports the verdict, and (2) whether there was prejudicial error in the instructions of the court submitting the issues to the jury. If the general verdict for defendant is supported by the evidence, there is an end of the case, for the verdict, in the manner in which the issues

were submitted to the jury, amounts to a finding that defendant was in no way responsible for the fire. The court charged that if defendant caused the fire plaintiff was entitled to recover the value of the property not on the right of way. The liability of defendant was made absolute and in no sense controlled by the question of negligence in starting the fire. The court undoubtedly was guided by G. S. 1913, § 4426, which dispenses with a showing of negligence in railroad fire cases. Trustees of L. C. C. of A. v. Chicago, M. & St. P. Ry. Co. 119 Minn. 181, 137 N. W. 970. Whether the statute applies to fires started by an engine of the kind of this one, we do not stop to consider, and for the purposes of the case treat the view of the trial court as correct. From which it conclusively follows that the verdict amounts to a finding that defendant did not start the fire. And, as stated, if the verdict be sustained by the evidence, the only remaining question is whether there was error in the submission of the case to the jury of which plaintiff may complain.

1. We have given the record careful attention and find therefrom no sufficient reason for interference with the verdict. It is not clearly or manifestly against the evidence. The evidence tending to connect defendant with the fire through the operation of the stationary engine is in the main circumstantial, though in a measure somewhat direct, and would sustain a verdict for plaintiff had one been so rendered. On the other hand, the evidence presented by defendant clearly tends to show that the fire originated within the building and not from without as would have been the fact had it been caused by sparks from the stationary engine. The doors of the building were closed because of the high wind and there were no openings through which sparks could gain an entrance. The theory of plaintiff as to the origin of the fire, and there was evidence tending to support it, was that a spark or sparks were carried by the wind from the stationary engine to one of the elevator spouts, through which grain was run from the building to cars for shipment, ignited the dry boards of which it was made, and fanned by the wind burned its way into the building, where it was found by those coming later upon the scene. In that state of the record, with the trial court's approval of the verdict, we are not justified within the rule guiding us in such cases in declaring the verdict clearly or manifestly against

the evidence. The question of defendant's responsibility for the fire was fairly an open one and the verdict must stand. Lares v. Chicago, B. & Q. R. Co. 144 Minn. 170, 174 N. W. 834.

2. The objections to the instructions of the court are not substantial. The issues as finally submitted to the jury involved only two main questions, namely, the origin of the fire, and if defendant was responsible therefor, as to a part of the property, whether there was wilful negligence on its part. As heretofore stated the verdict wholly exonerated defendant from blame, and thus the question of wilful negligence was eliminated. The contention of counsel that the trial court committed error in failing to define ordinary negligence is not sound. As to the buildings not on the right of way defendant's liability was, by the instructions, made absolute and in no measure dependent upon the question of negligence. There was therefore no necessity for any reference in the charge to ordinary negligence, unless, as suggested by counsel, as an aid to the jury in determining the question of wilful negligence. But wilful negligence was wholly eliminated from the case by the verdict, and whether the instructions in reference thereto were sufficiently clear, or whether a recovery may be had in such a case notwithstanding the exemption stipulations of the lease, Commercial Union Assurance Co. v. Foley Bros. 141 Minn. 258, 169 N. W. 793, on a showing of wilful negligence, are now moot questions, and unnecessary to consider. The case presented the two aspects referred to in respect to the buildings upon and those not upon the right of way. We find no confusion in the charge. In fact it seems quite clear that the court took special pains to advise the jury that for the buildings not on the right of way there was an absolute liability if defendant was responsible for the fire, but as to the buildings on the right of way the liability depended upon a finding of wilful negligence. Taken as a whole the charge fairly laid the case before the jury in a way to impress upon them the real questions to be decided. The jury did not reach the question of wilful negligence.

This covers the case, and all that need be said in disposing of the points urged in support of the appeal, and finding no error the order appealed from is affirmed. It is so ordered.