# O. R. POTTER AND ANOTHER v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 10, 1925.

No. 24,738.

**What evidence is to be considered as sustaining verdict for loss caused by particular fire.**

1. Ordinarily whether a verdict can be sustained must be determined, not by the consideration of the evidence opposed to it, but by considering whether there is any evidence fairly tending to support it. This rule is not inflexible and in determining whether or not a particular fire is the source of a certain loss, the evidence tending to show the existence of other fires, any one of which may have been a probable source of the loss, must be considered.

**Verdict that fire was set by defendant's locomotive sustained.**

2. Evidence *held* sufficient to warrant a finding of the jury that the fire which caused the loss was set by defendant's locomotive.

1. See Appeal and Error, 4 C. J. p. 857, § 2836.
2. See Railroads, 33 Cyc. p. 1382.

1. See note in 32 L. R. A. (N. S.) 1146. 11 R. C. L. 999; 2 R. C. L. Supp. 1348; 5 R. C. L. Supp. 625.

Action in the district court for Hennepin county. The case was tried before Waite, J., and a jury which returned a verdict in favor of plaintiffs. Plaintiffs appealed from an order granting defendant judgment notwithstanding the verdict. Reversed.

*Orin M. Oulman,* for appellants.

*Hoke, Krause & Faegre,* for respondent.

WILSON, C. J.

Action to recover for the loss of household furniture destroyed by fire. The jury returned a verdict for plaintiff for $1,156. Defend-

[1] Reported in 204 N. W. 928.

ant made the usual alternative motion for judgment notwithstanding or for a new trial. The plaintiff has appealed from an order granting the motion for judgment.

Whether a verdict can be sustained is usually determined by the evidence tending to support it. Anderson v. City of St. Cloud, 133 Minn. 467, 158 N. W. 417. But, in a case of this kind involving the source of the destructive fire, we must look also to the evidence tending to show an equal or greater probability of it coming from other sources. Such evidence may utterly destroy the weight of the evidence in support of the verdict.

The facts are these: Plaintiffs lived in a cottage at Lake Minnetonka. The cottage was 55 feet north of the railway tracks of defendant, and near a platform where defendant stopped its train to take on and off passengers. Westerly from the platform there was an up-grade and a curve in the railway track near where the cottage was located. The grade and curve caused the locomotive to pull harder. There were no trees between the cottage and tracks. The fire occurred July 21, 1921, in a very dry time—it had been dry all summer. The cottage was a summer structure and in all the rooms but the kitchen had cotton cloth nailed upon the studding and rafters. This was also on the ceiling in the kitchen. This material burned rapidly. One of defendant's local passenger trains with 6 coaches stopped at the platform at about 7 o'clock p. m. for ten seconds and then passed on to the west. Quite a strong wind was blowing northward from the tracks toward the cottage. The roof on the Hill cottage, 75 feet north of the cottage which burned, caught fire from sparks which blew from the burning cottage. About 30 minutes after the train passed, a fire was discovered in the southwest corner of the roof where there were smoke and a blaze. Persons nearby who ran into the cottage found fire on the inside at the same location and the cottage and its contents were soon consumed. The fire first made a hole in the roof at the southwest corner. There was no other fire in the cottage except a lamp which was burning in a room other than where the fire was discovered. After the fire was discovered the lamp was in its normal condition

and undisturbed. It had been lit shortly before the fire was discovered. The match used had been put in a pail of water. There was an oil stove in the cottage, but it had not been used since breakfast time.

Do these facts and circumstances justify a jury in saying that defendant's train was the origin of this fire? Where the entire record shows that there are different fires, any one of which may have caused the loss, plaintiff has not met the burden which the law places upon him. Minneapolis S. & D. Co. v. G. N. Ry. Co. 83 Minn. 370, 86 N. W. 451; Babcock v. C. N. Ry. Co. 117 Minn. 434, 136 N. W. 275, Ann. Cas. 1913D, 924; Lares v. C. B. & Q. R. Co. 144 Minn. 170, 174 N. W. 834; Baxter v. G. N. Ry. Co. 73 Minn. 189, 75 N. W. 1114; Brennan Lumber Co. v. G. N. Ry. Co. 77 Minn. 360, 79 N. W. 1032; s. c. 80 Minn. 205, 83 N. W. 137; McCool v. Davis, 158 Minn. 146, 155, 197 N. W. 93. Respondent invokes this doctrine and points to the presence of the burning lamp and the oil stove for the cause of other fires. There is little evidence that any fire could have come from either the lamp or the stove. It is conjecture in the extreme to say that a fire could have come from either. The evidence does not bring this case within the doctrine of the cases cited, although the trial court was apparently of the opinion that the case was controlled by Minneapolis S. & D. Co. v. G. N. Ry. Co. supra. In those cases there were a number of agencies, any one of which might have caused the fire and in this respect they are distinguished from this case. Here the evidence wholly fails to show any other probable source of the fire. The evidence discloses but one reasonable source of fire. It was that or the source was unknown. Whether this was the real source was a question of fact. It may be established by circumstantial evidence. Whether or not sparks would smolder in a roof for substantially 30 minutes before developing into a flame is one of the elements upon which reasonable minds might differ. The jury is to decide the reasonable probability of truth in the establishment of the facts. Common experience teaches that fire does come from a passing engine and under the facts disclosed it was within the province

of the jury to find that this fire came from defendant's locomotive. Babcock v. C. N. Ry. Co. supra; Trustees v. C. M. & St. P. Ry. Co. 119 Minn. 181, 137 N. W. 970; Home Ins. Co. v. C. St. P. M. & O. Ry. Co. 146 Minn. 240, 178 N. W. 608. The evidence would sustain a verdict either way. Our conclusion is that the verdict of the jury was warranted by the evidence and that the trial court was in error in granting defendant's motion.

.Reversed.

STONE and QUINN, J. J. (dissenting.)

We concur in the opinion of the learned trial judge that the verdict rests solely on conjecture and therefore should not be permitted to stand. Circumstances forbid extended discussion. The case in this jurisdiction most clearly in point is that of Trustees v. C. M. & St. P. Ry. Co. 119 Minn. 181, 137 N. W. 970. There, a country church had been burned by a fire which, the evidence indicated, started in the dry grass some distance away. There was testimony tending to eliminate every cause other than sparks thrown from defendant's locomotive. That element, it seems to us, is not present in this case to an extent justifying a verdict. There were other cottages nearby and cottagers in such a summer community are prone to the use of wood stoves and spark-throwing fuel. It is not at all clear from the evidence that the fire started on, rather than under, the roof. In such buildings a combination of mice and matches is a frequent cause of destructive fires. Of course, that is all conjecture, but conjecture is permissible on behalf of the one having the negative of such an issue, while something more than conjecture is required to make up that preponderating proof which is necessary to sustain a recovery for the litigant having the affirmative of the issue.