## O. R. POTTER AND ANOTHER v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 23, 1926.

No. 25,262.

**When motion for new trial involves exclusively a question of law.**

Where a motion for a new trial is based upon a failure of the evidence to sustain the verdict and such failure is claimed to be due to the absence of proof of an essential fact to establish liability, the application is not addressed to the discretionary power of the court, but rests upon legal principles and involves exclusively a question of law.

New Trial, 29 Cyc. p. 1009 n. 54.

Upon the former appeal, reported in 164 Minn. 213, 204 N. W. 928, the order granting the defendant judgment notwithstanding the verdict upon a motion in the alternative for judgment or a new trial, was reversed. Upon the remand of the case the court, Waite, J., denied the defendant's motion for a new trial. The defendant appealed. Affirmed.

*Hoke, Krause & Faegre* and *Rex H. Kitts*, for appellant.

*Orin M. Oulman*, for respondents.

WILSON, C. J.

The facts in this case appear in 164 Minn. 213, 204 N. W. 928. The trial court's order previously granting defendant's motion for judgment non obstante on the ground that the evidence was legally insufficient to establish defendant's liability was reversed.

Defendant appealed from an order denying a motion for a new trial based on: (1) Verdict contrary to law; (2) verdict not justified by the evidence; (3) excessive damages; and (4) errors in the charge.

The trial court denied the motion as to the last two grounds, and in his memorandum indicated a lack of accord with the views of a

[1]Reported in 208 N. W. 641.

majority of this court as expressed in the former appeal. It is apparent, not only from the language now used but from the original order granting judgment, that the trial court considered the evidence insufficient as a matter of law. It is urged that the trial court, because of the prior opinion of this court, refused to act on the first two grounds of the motion, i. e., he declined to exercise his discretionary power in reference thereto. We think this claim without merit.

True, when an order granting judgment non obstante, upon an alternative motion, is reversed by this court, that part of the motion asking for a new trial is still pending before the trial court. Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716, and cases cited. In such cases it is not the intention of this court to in any way interfere with the trial court exercising discretion in the motion for new trial upon anything to which it is legally applicable. We think this court has decided that such discretion is applicable to those cases only where the trial court has reasons peculiarly within its knowledge justifying the conclusion that the end of justice will be served by submitting the case to another jury. This was our holding in Hull v. M. St. P. & S. Ste. M. Ry. Co. 116 Minn. 349, 133 N. W. 852, wherein it was said:

"Such a conclusion may be founded in a doubt as to the credibility of the witnesses, a doubt as to the probative force and character of the evidence, or a feeling gained from the course and manner of the trial, and the atmosphere thereof which is incapable of being spread upon the record, that a fair and impartial trial was not had.

"These and kindred reasons are the basis for the discretionary power of the court in ordering a new trial on the ground that the evidence does not support the verdict. The power is not, however, an arbitrary one, and must be founded upon reasons similar to those stated. Where the evidence in the opinion of the court fails to establish a material fact, a fact essential to the cause of action or defense, an order granting a new trial for that reason does not spring from the discretionary power of the court. The court in that

case is dealing with a question of law. Gustafson v. Gustafson, 92 Minn. 139, 99 N. W. 631."

In Buck v. Buck, 122 Minn. 463, 468, 142 N. W. 729, a distinction is made to the effect that where it is claimed that the "verdict is not justified by the evidence," the trial court may exercise discretion in weighing the evidence to determine its sufficiency, but when it is claimed that the verdict is "contrary to law" the element of discretion is not present. In the instant case the trial court, for the purposes of this case only, termed these two grounds as "virtually one," i. e., that the verdict was not justified by the evidence. The Buck case however recognized the doctrine of the cases hereinbefore mentioned and said: "Where the evidence wholly fails to establish a material issue, the sufficiency of the evidence is to be determined by the application of legal principles and is not a matter of discretion. An order granting a new trial for that reason does not spring from the discretionary power of the court. The court in that case is dealing with a question of law."

We are of the opinion that these decisions control in this case in that whether the evidence was sufficient to sustain the verdict was a question of law to which the discretion of the trial court had no application and which question had been determined by this court adversely to appellant. If appellant had been entitled to a new trial on this ground it would have been by virtue of its legal right, which we have said did not exist, and not by virtue of the discretion of the trial court. It is our construction of the record that the trial court did not consider present any question to which his discretion was applicable within the spirit of this opinion.

Affirmed.