# THADEUS T. DUMBECK v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

April 19, 1929.

No. 27,205.

[1]Reported in 225 N. W. 111.

262

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Michael A. Schmitt,* for appellant.

*Ostensoe & Ostensoe,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its motion for judgment or a new trial.

Plaintiff sued to recover damages for the burning of a barn and some items of personal property owned by him in the village of Elysian in this state. He claimed the burning was caused by sparks negligently permitted to be scattered and dropped' from a locomotive of one of defendant's trains running past his premises on defendant's railroad track. Plaintiff recovered a verdict.

■ Defendant contends that the evidence does not sustain the verdict; that the evidence as to the cause of the fire left that issue one of speculation and conjecture; and that the court erred in denying its motion for a directed verdict and its motion for judgment.

The burden of proof rested on the plaintiff to prove by a fair preponderance of the evidence that the fire was caused by sparks coming from defendant's locomotive. G. S. 1923 (1 Mason, 1927) § 4932, does not enter into the matter unless and until the plaintiff has shown by a preponderance of the evidence that the fire was communicated to the property directly or indirectly by a locomotive in use on defendant's railway.

Defendant's railway runs approximately east and west through the village. Plaintiff owned and occupied a tract of land, consisting of three lots and parts of three other lots, near the easterly limits of the village. The railway right of way forms the southerly boundary of plaintiff's property. The station is some 1,200 to 1,500 feet west of plaintiff's premises. His dwelling is located on the northerly part of the tract. The barn was some 65 feet south of the dwelling and about 65 feet north of the railway track. Between the barn and the railway right of way was a cow yard. One of defendant's freight trains arrived at Elysian from the east shortly before two o'clock on the afternoon of the day of the fire and left shortly thereafter—at 2:05 o'clock according to the station records. There is a curve and slight upgrade in the track in coming into Elysian from the east.

The evidence for the plaintiff in substance is that there were corn stalks and rubbish in the cow yard south of the barn and a small manure pile up against the side of the barn; that there was a slight wind from the south; that the locomotive of this train passed by the barn, and that smoke came from it toward and over the barn; that the train stopped opposite or near the barn; that the fire was discovered about an hour or an hour and a half after the train had passed; that the barn was on fire on the south side, on the outside, and that there was fire in the cow yard south of the barn, between the railway and the barn. This evidence for the plaintiff is disputed in many respects.

There is evidence for defendant that the fire did not start until after four o'clock; that there was little wind, and that from the west or northwest; that there was no fire in the cow yard or outside of the barn at the start; that the fire was inside the barn and none on the outside when first seen; that the train did not stop near the barn; that this train usually coasted or drifted into the village because of a down grade some distance east, and did not work steam so as to emit cinders or much smoke.

The conflict in the evidence was for the trial jury to pass upon. There was further evidence on the part of the plaintiff fairly nega-

tiving any other source from which the fire could have come. Defendant presented the evidence of an expert in chemistry who gave an opinion that spontaneous combustion might take place from some alfalfa hay stored in the barn. His opinion hardly goes beyond his statement that the conditions stated in the question would not be opposed to spontaneous combustion and that he had known of cases where hay had caused such combustion. He did not disclose under what circumstances. This evidence does not appear sufficient to bring the case within the rule that, where the evidence points with substantially the same force to two or more independent sources as to the origin of the fire, the jury is not permitted to speculate as to which was in fact responsible. According to plaintiff's evidence, the fire started on the outside of the barn, which if found true negatives any theory that it started in the hay stored in the loft or inside.

Suggestions that the fire may have come from some careless person smoking, from trespassers, or matches, on the premises, finds no support in the evidence and is mere speculation. The case is not one where several independent fires or sources of fire are shown, as in McCool v. Davis, 158 Minn. 146, 197 N. W. 93. The facts are not essentially different from those appearing in Trustees v. C. M. & St. P. Ry. Co. 119 Minn. 181, 137 N. W. 970, and Potter v. G. N. Ry. Co. 164 Minn. 213, 204 N. W. 928, except as to the one fact that the fire here in question was not discovered and had not become active until an hour or more after the train passed. It is not shown, as in the case of Swenson v. Erlandson, 86 Minn. 263, 90 N. W. 534, that there was any rain or moisture, or that people traveled over the yard or passed the barn between the time the train passed and the time the fire was discovered. That fires may smoulder for a considerable length of time before becoming active is not unusual. The cause of the fire was a question of fact, to be determined from the circumstances shown, if those circumstances furnished a reasonable basis for such determination. The findings of the jury that the fire was caused by sparks from the locomotive cannot be held to be without reasonable support in the evidence.

■ The defendant presented evidence as to the good condition of the locomotive and that it had proper spark-arresting netting. This evidence was properly considered on the question of the cause of the fire. It did not prevent recovery if in fact the fire was caused by sparks from the locomotive. Under G. S. 1923 (1 Mason, 1927) § 4932, already cited, the liability of a railroad company for fires set by locomotives used by it is absolute and not dependent on negligence. Babcock v. C. N. Ry. Co. 117 Minn. 434, 136 N. W. 275, Ann. Cas. 1913D, 924; Anderson v. M. St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45; Carr v. Davis, 159 Minn. 485, 199 N. W. 237.

■ It is assigned as error that one Gehrke, a deputy fire marshal, was permitted to give his opinion as to where the fire started. The evidence was objected to on the ground that there was no foundation to show that the witness was qualified to testify as an expert. He had testified that he had been a deputy fire marshal for three years; that his principal duties were to investigate fires to ascertain their origin and determine their cause; and that he had investigated many fires. The foundation for expert testimony is largely a matter of discretion for the trial court, and we cannot say that there was abuse of discretion.

■ Complaint is made of a remark made by plaintiff's counsel in his argument to the jury. When objection thereto was made, counsel promptly withdrew the remark. No action by the court was requested. We find no prejudicial error here shown.

■ A new trial was asked also on the ground of newly discovered evidence. Clayton Dumbeck, a son of the plaintiff, testified on cross-examination that he did not smoke at all. The newly discovered evidence is an affidavit by one R. L. James to the effect that he had known Clayton for about three years and knew that he had smoked some ever since affiant knew him, sometimes a pipe and sometimes cigarettes. Clayton had testified that on the afternoon of the fire he was working in the basement of the dwelling house and that he had not been in the barn after one o'clock and up to the time he discovered the fire. The trial court acted within its discretion in denying the motion on this ground.

■ The verdict for $800 is challenged as being excessive. It comes fairly within the evidence as to value of the property burned. Order affirmed.